### L. L. DOWD V. THE STATE.

#### No. 10104.    Delivered June 2, 1926.

**1.—Manslaughter—Evidence—Res Gestae—Improperly Excluded.**

Where, on a trial for murder, appellant offered to prove by Officer Matlock that he arrived upon the scene of the homicide about 12 minutes after the killing and found the body of the deceased on the ground, apparently in the position in which it had fallen, that the defendant was within about 20 feet of the body, that witness asked what the trouble was, and that appellant replied he had killed a man, who was in the act of shooting him, that he had to shoot the deceased, that deceased had a gun, and appellant requested the officer to get it. This testimony was clearly within the rule of res gestae declarations, and was improperly excluded.

**2.—Same—Bill of Exceptions—Qualification of Court—Rule Stated.**

This court has held, in compliance with the statutes, that the trial court is without authority to qualify a bill of exception, over the objection of the appellant, and where the appellant objects to the qualification, it is the duty of the court to reject the bill as presented, and prepare one of his own in lieu thereof. A failure of the trial court to do so, under such circumstances, forces this court to consider the bill without the qualifications thereon. Following Lilly v. State, 273 S. W. 270; Peabody v. State, 278 S. W. 440, and authorities therein cited.

**3.—Same—Argument of Counsel—Improper and Reversible Error.**

Where counsel for the state, in his closing argument, assailed counsel for appellant and declared that he had gold in his pocket belonging to deceased, and stated to the jury that he could have proven a good reputation for the deceased had he seen fit, and that he knew all about how the killing occurred, and that it was not justified, but was a cold-blooded murder, such argument was improper and a reversible error. See Frazier v. State, 100 Tex. Crim. Rep. 157, and other cases cited.

Appeal from Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction of manslaughter, penalty five years in the penitentiary.

The opinion states the case.

*M. T. Lively* and *G. L. Perkinson* of Dallas, for appellant.

*Shelby S. Cox,* District Attorney of Dallas County, *Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the Criminal District Court of Dallas County for the offense of manslaughter, and his punishment assessed at five years in the penitentiary.

The record discloses that the appellant was charged with killing W. B. Berry, with malice, by shooting him with a shotgun about the 26th day of September, 1925, in the city of Dallas. It was the contention of the state that the homicide was committed by the appellant with deliberation, preparation and malice, and without any provocation upon the part of the deceased. The appellant defended upon the ground of self-defense. He testified, and introduced other evidence to that effect, that just prior to the homicide the deceased called him over the telephone and demanded payment of house rent which deceased claimed was due him, and in the conversation applied opprobrious epithets and names to the appellant, and stated, in substance, that he was going to collect the rent and would come and cut it out or shoot it out with him, the appellant. Appellant further testified that shortly thereafter the deceased did appear in an automobile, with his wife, on the street and practically in front of appellant's house; that the appellant, in passing or attempting to pass the automobile, observed in the hands of the deceased a drawn pistol; that the deceased immediately got out of the car and was going around the car in the direction of the appellant when the latter shot and killed him. A pistol was found afterwards near the place where the deceased fell.

The appellant sought to introduce in evidence the testimony of the policeman, Matlock, to the effect that he arrived upon the scene of the homicide within about 12 minutes after the killing and found the body of deceased lying upon the ground apparently in the position in which it had fallen; that the defendant was within about 20 feet of the body; that witness

asked what the trouble was and appellant replied that he had killed a man, and stated to said officer that deceased was threatening to kill him and was in the act of shooting him, and that he had to shoot the deceased, and that the deceased had a gun, appellant requesting the officer to get it. This bill further shows that the defendant had not left the body of the deceased and had not talked to anyone prior to this conversation, except that he stated to the people present before the officer arrived that deceased had a gun and threatened to kill him. The state objected to the introduction of said testimony upon the ground that it was not res gestae, which was sustained by the court. The appellant contends that said testimony was res gestae, and that the court erred in refusing to permit the witness, Matlock, to testify. There is a qualification attached to this bill by the court, but the record discloses that the qualification to the bill under discussion, and also the qualification attached by the court to other bills of exception, were made over appellant's objections and exceptions. This court has held, in accordance with the statute, that the trial court is without authority to qualify a bill of exception over the objection of the appellant, and where the appellant objects thereto, it is the duty of the court to reject the bill as presented and prepare one of his own in lieu thereof. A failure on the part of the trial court to do so, under such circumstances, forces this court to consider the bill of exception without the qualification thereon. Lilley v. State, 273 S. W. 270; Peasley v. State, 278 S. W. 440, and authorities therein cited. We think this bill clearly shows that the testimony offered was res gestae, and the refusal of the court to admit same necessitates a reversal of this case. Cole v. State, 45 Tex. Crim. Rep. 225; Tait v. State, 260 S. W. 584.

Appellant's complaint of the statement of the court in presence of the jury with reference to the wife of the deceased being a kind old lady is not likely to arise upon another trial, and it is not necessary to discuss such matter at this time.

Complaint is also made to the conduct and argument of the district attorney, in his closing argument to the jury, to the effect that there was gold in the pocket of one of defendant's attorneys that belonged to deceased; and to his apology to deceased's wife for failing to subpoena the long list of witnesses handed him by her, from whom he could have proved the good reputation of deceased, but didn't think it necessary; and that he knew all about how the killing occurred, and that

it was not justified, but was cold-blooded murder. This argument was improper, out of the record, and should not have been made. Frazier v. State, 100 Tex. Crim. Rep. 157; Scurlock v. State, 100 Tex. Crim. Rep. 178.

For the errors mentioned, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.