### O. S. ARIOLA V. THE STATE.

No. 10485.  Delivered December 22, 1926.

**1.—Swindling—Charge of Court—Exceptions to Same—Must be Approved.**

Where appellant filed various objections and exceptions to the court's charge but said objections and exceptions are not approved by the trial judge they cannot be considered on appeal.

**2.—Same—Remarks of Court—Commenting on Evidence—Reversible Error.**

Where, on a trial for swindling, by giving a check on a bank in which appellant had no funds, the appellant and his wife testified that when the

check was given the party receiving it agreed to hold it until funds were deposited to meet it, the trial court remarked in the presence of the jury "that said testimony did not amount to anything as a matter of law," the cause must be reversed for this error.     See Art. 707 C. C. P.     Following Melton v. State, 58 Tex. Crim. Rep. 910.

**3.—Same—Information—Variance Between Allegation and Proof—Fatal.**

Where an information charging swindling averred that the check upon which the swindling was predicated was drawn on the Farmers State Bank of Center, and the proof established that it was presented to the First State Bank of Tenaha for collection, and payment refused, the variance is fatal.

**4.—Same—Bill of Exception—Qualification by Court—Rule Stated.**

Where a bill of exception is qualified by the court and the appellant objects and he excepts to the court's qualification, such bill on appeal will be considered by this court as being without any qualifications.     This court is unauthorized to consider a qualification attached to a bill, over the objection and exception of the appellant.     Following Dowd v. State, 284 S. W. 592, and authorities there cited.

Appeal from the County Court of Shelby County.    Tried below before the Hon. F. C. Powell, Judge.

Appeal from a conviction for swindling;  penalty, a fine of $5.00 and 30 days in the county jail.

The opinion states the case.

*Dallas Ivey* of Center, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of swindling in the County Court of Shelby County, and his punishment assessed at a fine of $5.00 and 30 days in the county jail.

The appellant was charged by complaint and information, under Art. 1545, Sec. 4, of the Penal Code, with the offense of swindling by giving a worthless check in the sum of $3.00, alleged to have been drawn on the Farmers' State Bank of Center, Texas, and given to J. D. Parker. The appellant defended upon the ground that at the time he gave the check to Parker, the latter agreed that the check would be held until he, appellant, could place the money in the bank.

The appellant complains of the refusal of the court to submit this as a defense to the jury.    The record discloses that the appellant filed various objections and exceptions to the court's charge, among which complaint was made to the refusal of the

court to submit the above defense to the jury in the general charge, but said objections and exceptions are not approved by the trial judge, and for that reason we are prohibited from considering same. However, we suggest that if the same issue is raised upon another trial the court should submit it to the jury.

In bills of exception 7 and 8 complaint is made to the action of the court in stating in the presence and hearing of the jury, when he admitted the testimony of appellant and appellant's wife to the effect that Parker had agreed to hold the check in question until the appellant could place the money in the bank, that said testimony did not amount to anything as a matter of law. We think this was error. Art. 707, C. C. P., forbids the court, in ruling upon the admissibility of evidence, to discuss or comment upon the weight of same. Also see Melton v. State, 58 Tex. Crim. Rep. 86, 124 S. W. 910. We think this testimony was very material to the defense and, if true, would defeat the prosecution in this case.

In bill of exception No. 9 complaint is made to the action of the court in permitting the state to introduce testimony from the witnesses, Davis, McCarver and Hurst, to the effect that they presented the check in question to the First State Bank of Teneha for collection, and that payment was refused by said bank. The appellant contends that the complaint and information having alleged that the check was drawn on the Farmers' State Bank of Center, the state's testimony should have been confined to the allegations in the complaint. We are of the opinion that this contention is correct and that the court erred in the admission of said testimony. The court attempted to qualify this bill, which qualification was objected and excepted to by the appellant. This court is unauthorized to consider a qualification attached to a bill over the objection and exception of the appellant. Dowd v. State, 284 S. W. 592, and authorities there cited.

There are other questions raised which are not likely to occur upon another trial, and for that reason they are not discussed.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.