## Edgar Melton v. The State.

No. 10450.   Delivered March 2, 1927.

**1.—Accomplice to False Swearing—Indictment—Held Sufficient.**

Where the indictment charged appellant with being an accomplice to false swearing under Art. 310, P. C., the motion to quash same, on the ground that the prosecution should have been brought under Art. 315, P. C., cannot be sustained. The offense being denounced by both of said articles of the statute, the state was authorized to prosecute under either article. See Blakely v. State, 24 Tex. Crim. App. 616.

**2.—Same—Impartial Jury—Cannot Be Denied.**

Where the principal offender, with whom appellant was charged with being an accomplice, had been tried and convicted just preceding the trial of appellant, it was error to force appellant to accept three of such jurors, who had already heard the same testimony involved in appellant's case, to sit on his jury. The accused cannot be denied a fair and impartial jury to try his case.   See Hanes v. State, 107 S. W. 818.

**3.—Same—Bill of Exceptions—Qualification of Court—Rule Stated.**

Where a bill of exceptions is qualified by the trial court and the appellant excepts to such qualification, such bill, on appeal, will be considered without qualification. This rule is well settled in this state. The trial court, when his qualifications are excepted to, should refuse said bill, and prepare and file a bill of his own.   See Lilly v. State, 273 S. W. 270; Peasley v. State, 278 S. W. 440, and Dowd v. State, 284 S. W. 592.

**4.—Same — Requested  Charge — On  Accomplice  Testimony — Improperly Refused.**

Where the state witness, Roberts, had given damaging testimony against appellant, and was shown to have been present with, aiding and encouraging appellant in the commission of the offense, it was error to refuse requested charges presenting the issue of said witness being an accomplice.   See Smith v. State, 229 S. W. 523.

Appeal from the District Court of Hunt County.   Tried below before the Hon. ·J. M. Melson, Judge.

Appeal from a conviction of being an accomplice to false swearing, penalty two years in the penitentiary.

The opinion states the case.

*Neyland & Neyland,* for appellant  On disqualification of juror, appellant cites:   Ross v. State, 109 S. W. 153; Greer v. State, 111 S. W. 933; Hanes v. State, 107 S. W. 818; Dowd v. State, 284 S. W. 592; Cole v. State, 75 S. W. 527; Tait v. State, 260 S. W. 584.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted as an accomplice to the offense of false swearing, and his punishment assessed at three years in the penitentiary.

The record discloses that Francis Dungan made an affidavit before the deputy county clerk of Hunt County, under the assumed name of R. H. Hamilton, to the effect that Miss Ruthie Britton was 18 years of age, his purpose being to secure a marriage license in order that she and one Fred Van Slyke might marry, whereas, in truth and in fact, the said Miss Britton was under the age of 18 years.   The appellant was indicted as an accomplice, it being alleged that he unlawfully and wilfully advised, commanded and encouraged the said Francis Dungan to commit said offense.

The record contains twelve bills of exception.   Bills Nos. 3, 10 and 12 complain of the refusal of the court to quash the indictment and arrest the judgment herein, it being contended by appellant's counsel that he was wrongfully indicted under the general law as applied to an accomplice under the statute of false swearing, Art. 310, P. C., and that in lieu thereof he should have been indicted under Art. 315, P. C., which states:

"Whoever shall designedly induce another to commit perjury or false swearing shall be punished as if he had himself committed the crime."

In other words, it is the contention of appellant's counsel that Art. 315, supra, on subornation of false swearing is a special statute which would control the general law as applied to accomplices.   We are unable to persuade ourselves to agree with this contention, although mindful of the fact that the rule is well established in this state that special statutes, when applicable, control general statutes pertaining to the same subject matter.

In Blakely v. State, 24 Tex. Crim. App. 616, 7 S. W. 233, Judge White, in discussing the law as applied to that case, wherein the appellant was charged as an accessory to murder, and in discussing Art. 315 on subornation of false swearing and perjury, stated:

"It is true that, under the facts disclosed, defendant might have been prosecuted and convicted under our statutes for subornation of perjury (Penal Code, Art. 199), but this fact did not destroy nor affect his relation to the murder as an accessory; it was simply a question with the prosecution as to which of the offenses he should be tried for."

Under the doctrine announced in the Blakely case, supra, and the facts as disclosed by this record, we are of the opinion that the court committed no error in overruling the motion to quash the indictment and refusing to arrest the judgment herein.

Bills Nos. 1, 2 and 4 complain of the refusal of the court to quash the jury panel; and of the court's action in lecturing Francis Dungan before the jury panel; and of the refusal of the court to sustain appellant's challenges for cause to three jurors who sat on the jury in the instant case over his objection. It is contended that twelve of the jurors from among whom the appellant had to select his jury sat in the Dungan case and passed on practically the same facts that the state relied upon for a conviction in the instant case; that the court, in lecturing the said Francis Dungan before the jury panel as to his guilt and the seriousness of the crime that he had committed and the necessity for protecting the home, used language that was prejudicial to this appellant; and that after the court had overruled appellant's motion to quash the panel or continue the case until another jury could be obtained, the appellant exhausted his challenges and was forced to take three of the jurors who sat on the Dungan trial. The court attempts to qualify these bills, especially bill No. 4, relative to appellant being forced to take three of the jurors who sat on the Dungan trial, but said qualifications are over the objections and exceptions of the appellant, and for that reason we are unable to consider same, and are forced, under the decisions of this court, to consider the bills without the qualifications thereto. This court has held many times that where the appellant objects to the trial court's qualification on a bill of exceptions, it is the duty of the trial court to refuse said bill and prepare and file a bill of his own, and in the event he fails to do so, then appellant's bill will be considered without the qualification. Lilley v. State, 273 S. W. 270; Peasley v. State, 278 S. W. 440; Dowd v. State, 284 S. W. 592. We think the court was in error in forcing the

appellant to select jurors who had sat on the Dungan case and who had there heard the same testimony introduced against the appellant in the instant case, and who had found adversely to his defense. This, in our judgment, is not furnishing the appellant with a fair and impartial jury, as contemplated by the constitution and laws of this state. Hanes v. State, 107 S. W. 818.

Bills Nos. 7 and 8 complain of the refusal of the court to submit to the jury the issue as to whether or not the witness, Roberts, was an accomplice, and to charge the law applicable thereto. Appellant contends that the record shows that said witness was an accomplice, and the court erred in failing to submit that issue in his general charge, and in refusing to give appellant's special charge requested on this issue. The record discloses that the witness, Roberts, testified to damaging statements against the appellant. It is further shown that Roberts, Van Slyke, Dungan and others rode in the same car to Greenville; that when they reached Greenville, Roberts went with Van Slyke and Dungan to the county clerk's office to obtain the license, and while the other two went in said office, Roberts remained on the outside; that as soon as Dungan and Van Slyke came out with the license they showed Roberts an envelope and told him they had "got it;" and that immediately afterward Roberts and Dungan left for Dallas. This witness also testified on cross-examination that he took in his hand a note purported to be from the father and mother of the girl, that he read it, and that he and the others in the car discussed the note while en route to Greenville. He further testified that he sat there and talked along with them, and asked them about the license, and what the girl's name was, and that he wanted to see what they had to do. It is the contention of the appellant that the witness, Roberts, knowing the purpose and intent of all the parties, including Dungan and Van Slyke, and participating in the conversation, and going with them to the county clerk's office and waiting outside while they procured the license, was an accomplice by reason of encouraging and assisting in the commission of the offense, or at least that the issue was raised and the jury should have been permitted to pass upon it. We are of the opinion that the court should have submitted this issue for the determination of the jury. Smith v. State, 229 S. W. 523.

There are other bills of exception complaining of the closing argument of the District Attorney to the jury, but in view of the disposition we have made of this case, and the fact that the same questions will probably not arise again upon another trial, we are

of the opinion that it is not necessary to discuss said bills at this time.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.