## ED AND J. B. BARTON V. THE STATE.

No. 10856.  Delivered May 18, 1927.

1.—Theft—Suspended Sentence—Right to Counsel—Statute Construed.

Art. 776, C. C. P. 1925, provides that "When the defendant has no counsel, the court shall inform the defendant of his right to make such application (for a suspended sentence) and the court shall appoint counsel to prepare and present same, if desired by defendant." In a case where there exists no legal impediment to the granting of the suspended sentence, it would doubtless be a serious error for the trial court to ignore this provision of the statute. See Holdman v. State, 94 Tex. Crim. Rep. 433, and other cases cited.

2.—Same—Continued.

The appellants herein were shown to have been poor men, and without counsel to represent them; that they were ignorant of the law, and did not know that they were entitled to the benefit of the suspended sentence law. That the court did not inform them as to their right to make application therefor, and did not appoint counsel to prepare and present for them such application, and for such failure, the cause must be reversed and remanded.

3.—Same—Bill of Exceptions—Qualification Excepted To—Rule Stated.

The attention of trial judges and prosecuting attorneys is again called to the rule many times announced by this court, that where a qualification to a bill of exception is excepted to by the appellant, such bill on appeal will be considered as being without qualification.

4.—Same—Continued.

Where the appellant objects to the qualification attached to a bill of exception, the proper practice is for the trial court to prepare and file a bill, in lieu of the one presented. If the bill so filed by the court is not satisfactory to appellant he can then resort to a bystanders' bill to support his version of the matter complained of. See Art. 667, C. C. P.; Rev.

Civil Stats., Art. 2327; Thomas v. State, 83 Tex. Crim. Rep. 325, and other cases cited.

Appeal from the District Court of Shelby County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for theft, penalty assessed against each appellant two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellants are under conviction for the theft of property over the value of $50, and their punishment is assessed at confinement in the penitentiary for two years each.

The record contains only one bill of exception. As prepared and presented to the court it is certified therein as facts that appellants had never been convicted of a felony, that they bore good reputations and were entitled to have the jury pass upon the question of whether their sentences should be suspended in the event of conviction; that they were poor men and without counsel to represent them; that they were ignorant of the law and did not know that they were entitled to the benefit of the suspended sentence or that they were in a position to request it; that the court did not inform them as to their right to make application therefor, and did not appoint counsel to prepare and present for them such application. The offense charged against appellants is one where suspended sentence may be granted, and the recitals in the bill show that no impediment existed to prevent appellants from receiving its benefits if the jury had seen proper to recommend it if given an opportunity to do so, and further that appellants desired it and would have requested it if they had been apprised of their rights. Art. 776, C. C. P. (1925), provides that:

"When the defendant has no counsel the court shall inform the defendant of his right to make such application, and the court shall appoint counsel to prepare and present same if desired by defendant."

In Holdman v. State, 94 Tex. Crim. Rep. 433, 251 S. W. 218, relative to the statute just quoted this court said:

"In a case where there exists no legal impediment to the granting of the suspended sentence it would doubtless be a serious error for the trial court to ignore this provision of the statute."

See also Moses v. State, 94 Tex. Crim. Rep. 353, 251 S. W.

219; Alverson v. State (No. 10895, opinion delivered April 13, 1927, not yet officially reported). The bill presents error which demands a reversal of the judgment.

The learned trial judge appends to the bill an explanation which would aid us perhaps if it could be considered, but the qualification was objected to by appellants and the court seems to have overlooked the fact that when objection is interposed to him placing a qualification on a bill that the proper practice is for him to prepare and file a bill in lieu of the one presented. If the bill so filed by the court is not satisfactory to appellant he can then resort to bystanders if available to support his version of the matter complained of. Where bills are qualified over objection and the bill as qualified appears in the record, the objection to the qualification also appearing therein, this court has felt impelled to consider the bills without the qualification. Article 667 C. C. P. refers to the Civil Statutes (Art. 2237) for the rules controlling as to the filing and approval of bills of exception. It is very clear from the provisions of the civil statutes that the trial judge cannot qualify a bill over objection of the party presenting it to him, and specifically provides that if the suggested correction or qualification is not agreed to the bill shall be returned to the party presenting it with the judge's "refusal" indorsed thereon, and that the judge shall then prepare and file his own bill in lieu of the one refused, then should the party be dissatisfied with the bill filed by the judge, resort may be had to bystanders. The construction of these statutes will be found in many cases in which the announcement is also made, and the reasons therefor given, that if the bill appears in the record authenticated by the signature of the judge and showing a qualification over objection that the bill will be considered as though not so qualified. See Thomas v. State, 83 Tex. Crim. Rep. 325, 204 S. W. 999; Miller v. State, 104 Tex. Crim. Rep. 205, 282 S. W. 812; Ariola v. State, 105 Tex. Crim. Rep. 563, 289 S. W. 385; Dowd v. State, 104 Tex. Crim. Rep. 480, 284 S. W. 592; Dailey v. State, Tex. Crim. Rep. ——, 291 S. W. 242.

We again call attention of the trial judges and prosecuting officers to this matter. Failure to comply with the statutes and decisions and permitting bills to come before this court showing a quailfication over objection has resulted in the reversal of judgments which might not otherwise have been demanded if the facts had been made to appear in bills prepared and filed by the trial judge as is contemplated by the statute.

The judgment is reversed and the cause remanded.

Morrow, P. J., absent.                    *Reversed and remanded.*