### ELGIN CLAYTON V. THE STATE.

No. 10989.   Delivered June 22, 1927.

Rehearing denied October 26, 1927.

#### 1.—Assault to Murder—Evidence—Harmless Error.

Where complaint is made of the admission of testimony, and it appears that the same facts testified to were given in evidence by two other witnesses, without objection, the error was harmless.

2.—Same—Evidence—Properly Admitted.

Where, on a trial for an assault to murder, there was no error in permitting the state to introduce in evidence and exhibit to the jury a gun which was found by officers under a barn on the premises where appellant lived, and within close proximity to the place where the shooting occurred, it being contended by the state that the gun was the same used in the shooting, and there was no error in refusing to withdraw this evidence from the jury after same was admitted.

3.—Same—Remark of Court—No Error Shown.

Where counsel for appellant had argued to the court that a gun referred to should not be admitted in evidence, and in reply the court remarked to counsel, "I think 'so," such remark could not be construed as a comment by the court on the weight of the evidence.

4.—Same—Evidence—Proof of Extraneous Crime—When Admissible.

"Where an extraneous crime or other transaction is a part of the res gestae, or tends to show intent, when intent is an issue, or tends to connect defendant with the offense for which he is on trial, proof of same is admissible." Branch's Ann. P. C., Sec. 166, and cases cited.

5.—Same — Argument of Counsel — In Reply to Opposing Counsel — No Error.

Where appellant complains of a reference by the state to the presence of the wife of prosecuting witness, who had been subpoenaed by the appellant and had not been used by him as a witness, and it appears that the remark was a reply to an assertion of counsel for appellant, no error is shown.

6.—Same—Argument of Counsel—Bill of Exception—Qualification Controls.

Where appellant objected to the argument of counsel for the state, which he averred was that appellant was guilty or the grand jury would not have indicted him, and his bill was qualified by the court with the statement that the court is unable to recall any such argument having been made by the District Attorney, and that the District Attorney denied having made same, as qualified, the bill is destroyed, and presents no error.

ON REHEARING.

7.—Same—No Error Presented.

On rehearing, appellant's criticisms of the court's original opinion cannot be concurred in. Believing that a correct disposition of the issues presented on rehearing was made in the original opinion, the motion for rehearing is overruled.

Appeal from the District Court of Freestone County. Tried below before the Hon. W. T. Jackson, Judge.

Appeal from a conviction of an assault with intent to murder, penalty four years in the penitentiary.

The opinion states the case.

*Williford & Geppert* of Teague, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of assault with intent to murder, and his punishment assessed at four years in the penitentiary.

The appellant was charged by indictment with shooting Sam Jones with a gun on or about November 22, 1926. It appears that Sam Jones was living with his wife in a servant house upon premises belonging to A. J. McKinney, and that the appellant was living in a servant house upon the adjoining premises. It further appears that just after dark on the date of the alleged offense, while Sam Jones was standing in the door of his house, facing the interior, he was shot twice in the back.

It was the contention of the state, and evidence was introduced to that effect, that the appellant was the party who shot Sam Jones at the time in question. Sam Jones testified for the state and positively identified the appellant as being the guilty party, stating that he saw his assailant in the flash of the gun and in the ray of light passing from the room in which he stood. The appellant's defense was that of an alibi.

The record contains nine bills of exceptions.

In bill No. 1 complaint is made to the action of the court in permitting the state, on direct examination of the witness Sam Jones, to interrogate him concerning a prior statement made by him to the State's Attorney relative to his reason for making a trip to East Texas. It appears from this bill that the witness' answer was not in response to the inquiry made of him, and did not show that he ever made the statement inquired about to the State's Attorney. Furthermore, the record discloses that both the state's witness McKinney and appellant gave testimony of similar import, without objection, which would render the testimony of Sam Jones on this point harmless, even though inadmissible.

Bills Nos. 2 and 8 complain of the action of the court in permitting the state's witnesses to testify concerning an exhibit in the presence of the jury the gun which the state contended was used in the shooting and which was found by the officer Jim Wasson under a barn on the premises where appellant lived and within close proximity to the place where the shooting occurred. The objection urged was that the evidence was insufficient to show that the appellant was connected in any way with the gun in question. We are not in accord with this contention, and are of the opinion that under the facts of this case the finding of the gun was a circumstance tending to connect appellant with the offense charged against him, and that the testimony objected to was admissible for that purpose.

Bills Nos. 3 and 9 complain that the trial court, in answering the contention of appellant's counsel to the effect that the gun referred to should not be admitted in evidence, stated, "I think so." The court qualifies these bills by stating that the remark was made to appellant's counsel, and was not a comment on the weight of the evidence. We are of the opinion that these bills, as presented, show no error.

In bills Nos. 4 and 5 complaint is made to the refusal of the court to exclude from the jury all of the testimony introduced by the state relative to the gun in question, and to the admission of the testimony of the state's witness Will Jones to the effect that said gun was missing from his house on the evening preceding the shooting, and that when he missed the gun he noticed that one of his windows had been torn out of his house. The objection urged to the action of the court in overruling appellant's motion to exclude the testimony from the jury is that the evidence was insufficient to show that the appellant was ever in possession of the gun, and that the testimony of the witness Will Jones amounted to proof of an extraneous crime which would tend to inflame the minds of the jury. We are not in accord with either of these contentions. What we have said relative to bills Nos. 2 and 8 applies to the first contention, and the testimony of the witness Will Jones, when taken in connection with the other evidence introduced by the state, tended to show that the gun which was missing from the home of Will Jones was the one used in the assault and that the appellant obtained said gun from the witness' house by going through the window, thus tending to connect appellant with the offense for which he was on trial. In Branch's Ann. P. C., Sec. 166, it is stated:

"When an extraneous crime or other transaction is a part of the res gestae, or tends to show intent when intent is an issue, or tends to connect defendant with the offense for which he is on trial, proof of same is admissible," citing Long v. State, 11 Tex. Crim. App. 387; Johns v. State, 174 S. W. 610, and many other authorities.

In bill No. 6 complaint is made to the action of the court in refusing to instruct the jury to disregard the remarks made by the District Attorney, in his closing argument to the jury, to the effect that the appellant had subpoenaed the wife of the prosecuting witness, and that she had been in attendance at the trial, but that appellant had not put her on the stand as a witness. The court qualifies this bill by stating that the argument objected to was in reply to argument made by appel-

lant's counsel wherein he referred to the fact that the prosecuting witness's wife had been subpoenaed by the state and not used as a witness, and further qualifies the bill by stating that the wife of the prosecuting witness had been subpoenaed both by the state and by appellant. This bill shows no error.

Bill No. 7 complains of the argument of the District Attorney to the effect that it was his personal opinion that the appellant was guilty, or he would not prosecute him, and that the grand jury thought he was guilty or they would not have indicted him. In qualifying this bill, the court states that he is unable to recall any such argument made by the District Attorney relative to the grand jury, and that the District Attorney denied having made any such statement. This bill of exception, as qualified, is equivalent to no bill at all in so far as the second part of the alleged argument is concerned, in that the court fails to certify that the statement complained of was actually made, and the other portion of the argument, as to the opinion of the District Attorney, only amounted to his conclusion based upon the evidence, which he had a right to state to the jury.

Finding no reversible error in the case, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant seriously contends that the gun should not have been admitted in evidence because not shown to have been used by appellant, and for like reason that evidence of finding the gun under the barn should have been excluded.

The gun in question belonged to the assaulted party's brother, but was at the home of his father. The father left home on Sunday between 9 and 10 o'clock, leaving the gun in the house. He returned home about sundown and the gun was gone, the west window being torn open. A witness was with appellant at the house during the time the owner was away and each of them looked through the window to ascertain whether he was at home. At that time the witness saw the gun and while he could not testify that appellant saw it, the latter had equally as good opportunity of seeing it as did the witness. Sam Jones was shot on the following Monday night shortly after dark.

Appellant lived upon Frank Bounds' place, only about forty feet from the house occupied by Sam Jones and his wife. The officer who reached the place of the shooting within a few minutes after it occurred found the gun in question under the Bounds' barn. He testified to finding tracks at the southeast corner of the barn which went from there over the fence to the back of the barn where the gun was found. Sam Jones testified that he identified appellant as the party who fired twice at him on the night in question, and that appellant stood at the southeast corner of the barn at the time the shots were fired. The testimony makes it reasonably certain that the gun found under the barn was the one used by the party firing the shots, and that appellant was such party. This being true, it was not improper to admit the gun in evidence nor the statements of the officer as to where he found it. Neither do we think under the facts of this case there was any violation of the rule inhibiting proof of extraneous crimes in showing how the gun with which the offense was committed was obtained, although the manner of its removal from the owner's house may have indicated the commission of another offense.

In discussing bill of exception No. 3 the writer of the original opinion considered it in connection with bill of exception No. 9, evidently overlooking the fact which is now called to our attention by the motion for rehearing that the bill last mentioned was for the purpose of bringing forward an exception to the qualification placed upon bill No. 3 by the court. This being true, we must of necessity consider bill No. 3 without the qualification. C. C. P., 1925, Art. 667, R. C. S., 1925, Art. 2237, Subds. 7-9; Dowd v. State, 104 Tex. Crim. Rep. 480, 284 S. W. 592; Ariola v. State, — Tex. Crim. Rep. —, 289 S. W. 385; Dailey v. State, —Tex. Crim. Rep. —, 291 S. W. 242; Barton v. State, — Tex. Crim. Rep. —, 294 S. W. 1112. It is claimed that bill No. 3 reflects a comment by the court on the weight of the evidence admitted over appellant's objection. We are of opinion it does not reveal such fact. The words used in urging the objection are not stated in the bill without which the language used by the court cannot be construed as a comment on the evidence. There is a statement in the bill embraced in brackets, but we cannot regard the words in the brackets as a certificate by the court that he intended to convey an opinion regarding the evidence objected to. It appears to be the construction sought to be placed upon the court's language by appellant. We are inclined to the view that the language used by the judge indi-

cated that in the court's opinion the evidence objected to was admissible.

Appellant's motion for rehearing is overruled.

*Overruled.*