## ED MCCARTY V. THE STATE.

No. 11010.   Delivered October 5, 1927.

**1.—Assault to Murder—Bills of Exception—Qualification of Court—Rule Stated.**

Bills of exception in criminal cases must be prepared in compliance with the rules prescribed in our civil statutes, under Article 2237, R. C. S. The trial court is without authority to qualify or make any corrections in bills presented for his approval, without the consent of counsel presenting same. If, however, corrections or qualifications are made, and are excepted to, the bills on appeal to this court will be considered without such qualifications.

**2.—Same—Continued.**

If the trial court is not satisfied with the bills as presented, he should refuse to approve them, and prepare and file with the clerk such bills as will in his opinion present the ruling of the court as it actually occurred.

**3.—Same—Continued.**

Should the party be dissatisfied with the bill filed by the judge, he may, upon procuring the signatures of three respectable bystanders, citizens of this state, attesting to the correctness of the bill as presented by him, have the same filed with the papers of the case, within ten days after the filing of said bill, and to be considered as a part of the record relating thereto. See Barton v. State, 294 S. W. 1112, and numerous other cases cited in opinion.

**4.—Same—Evidence—Condition of Witness—Erroneously Excluded.**

Where, on a trial for an assault to murder, it was error to exclude testimony offered by appellant that three state's witnesses, who had testified against him, were drunk at the time of the transaction testified about.

**5.—Same—Continued—Rule Stated.**

Mr. Branch correctly states the rule to be that "For the purpose of testing the memory of the witness, and his capacity for correct observation, and to effect the weight of his testimony, it may be shown by the witness or by others if necessary that the witness was drunk when the matters about which he testified occurred." Branch's Ann. P. C., Sec. 43; Lewis v. State, 33 Tex. Crim. Rep., and other cases cited.

Appeal from the District Court of San Augustine County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction for an assault to murder, penalty two years in the penitentiary.

The opinion states the case.

*S. M. Adams* and *R. A. McAllister*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder Ernest Gibson, punishment having been assessed at two years in the penitentiary.

An automobile driven by appellant, in which car also were Will Donohue and two of the Kenner boys, met a car driven by George Gibson, with whom were his wife and Ernest Gibson. According to the state's evidence no collision occurred, but a controversy arose among the occupants of the two cars over a "near-collision," and Ernest got out of George's car, went to the other car and was protesting to the occupants that George had no intention of hitting them. According to the state's case, Ernest and appellant engaged in a wrestle, in which appellant was thrown, after which each claimed he was not angry; that Ernest called George to appellant's car to assure the boys that he, George, was not trying to run over them; that Donohue then said they were not looking for Ernest but were looking for George; that Donohue had a shotgun and George and Donohue engaged in a scuffle over it; that Ernest intervened to take the gun away from them and prevent trouble, and had gotten his brother loose from the gun and was scuffling with Donohue over it when appellant from behind struck Ernest on the head with another gun. Appellant's version of the transaction was that the car driven by George ran into appellant's car; that Ernest Gibson and appellant engaged in a scuffle, as did also George Gibson and Donohue; that both Ernest and George were armed

with knives; that Ernest made an attack on appellant with a knife, whereupon appellant secured his gun from the car and struck Ernest one blow on the head.

There are eight bills of exception in the record. From the judge's notation on them, copy of letter attached, affidavits of the attorneys and bystanders, we glean their history as follows: Appellant presented to the court exact copies of the bills as they now appear in the record. They were qualified and returned to counsel for appellant, who refused to accept them as qualified. He then prepared the present bills and returned them to the trial judge by letter, advising that he would not accept the bills as qualified and requesting the court to either refuse the bills or approve them without qualification, advising the court that he desired him to pursue the course suggested in order that if the bills were refused appellant might resort to bystanders to prove them up. The court declined either to approve or to refuse the bills, but appended to each the following notation: "The bill of which this is a substantial copy has been presented to the court and qualified and defendant's counsel now has said bill in his possession; the court refused defendant's request to refuse the same in toto or approve it without qualification, or *to take any further action on the same,* as in the court's opinion the qualification reflects the true state of the record."

After the bills with said notation upon them were returned to appellant's attorney he did resort to bystanders, who made affidavit to the correctness of the several bills now appearing in the record. The original bills which were qualified and returned to appellant's counsel are not in the record. Appellant was under no obligation to file them after the court qualified them over objection. When the court was apprised that appellant's counsel objected to the qualifications it was the duty of the court under the positive provisions of Art. 2237, R. C. S., to refuse the bills as presented, prepare bills in lieu thereof and file them. Then if appellant was not satisfied with the bills prepared by the court, he could resort to bystanders. We have repeatedly called attention to the statutes controlling in such matters and again patiently point them out, hoping that eventually this court will be relieved of the embarrassment of finding bills in the record in the condition here occurring. Article 667 of the C. C. P. plainly provides that the trial judge shall sign bills "under the rules prescribed in civil suits," and Article 2237 of the R. C. S. upon the subject is as follows:

"7. If the judge finds such bill incorrect, he shall suggest to

the party or his counsel such corrections as he deems necessary therein, and if they are agreed to, he shall make such corrections, sign the bill and file it with the clerk.

"8. Should the party not agree to such corrections, the judge shall return the bill to him with his refusal indorsed therein, and shall prepare, sign and file with the clerk such bill of exception, as will, in his opinion, present the ruling of the court as it actually occurred.

"9. Should the party be dissatisfied with said bill filed by the judge, he may, upon procuring the signatures of three respectable bystanders, citizens of this state, attesting to the correctness of the bill as presented by him, have the same filed as part of the record of the cause; and the truth of the matter in reference thereto may be controverted and maintained by affidavits, not exceding five in number on each side, to be filed with the papers of the cause, within ten days after the filing of said bill and to be considerd as part of the record relating thereto."

We have many times announced that if a bill appears in the record qualified over appellant's objection the bill must be considered without the qualification. See Barton v. State, 294 S. W. 1112; Dowd v. State, 104 Tex. Crim. Rep. 420, 284 S. W. 592; Dailey v. State, 106 Tex. Crim. Rep. 99, 291 S. W. 242; Ariola v. State, 105 Tex. Crim. Rep. 563, 289 S. W. 385; Melton v. State, 106 Tex. Crim. Rep. 240, 291 S. W. 904. In the present instance the notation of the judge shows the bills in the record to be copies of those qualified over objection. He having failed to follow the provisions of the statute and file in lieu thereof bills of his own, thereby enabling appellant in an orderly way to resort to bystanders' bills, this court finds itself under the necessity of either considering the bills now found in the record or hold that appellant has been deprived of his bills in toto. Under such circumstances the court has concluded to consider the bills.

We have carefully examined bills 1, 7, 8, 9 and 10. In our opinion they present no error demanding a reversal and we refrain from a discussion of the points raised.

Bills 2, 3 and 4 relate to the same subject and may be considered together. The trouble out of which this prosecution grew occurred about eight o'clock at night on a public road. One of the bills in question recites that appellant offered to prove by Donohue that Ernest Gibson was drunk at the time of the alleged offense; and by another witness that he saw said Gibson at seven o'clock, and that Gibson was drunk at that time, and

by another witness that he saw Gibson at five o'clock in the afternoon, and that he was drunk then. In each instance the court excluded the proffered testimony, in which action he fell into error. In our opinion Mr. Branch correctly states the rule to be that:

"For the purpose of testing the memory of the witness and his capacity for correct observation, and to affect the weight of his testimony, it may be shown by the witness or by others if necessary that the witness was drunk when the matters about which he testified occurred." Branch's Ann. P. C., Sec. 43.

The text is supported by Lewis v. State, 33 Tex. Crim. Rep. 618, 28 S. W. 465; Green v. State, 53 Tex. Crim. Rep. 490, 110 S. W. 928; Wallace v. State, 65 Tex. Crim. Rep. 654, 145 S. W. 925. The bills do not state the ground of the state's objection to the excluded evidence. If the objection was based on the assumption that the offered testimony was improper as being the opinion of the witnesses, it was not tenable. Stewart v. State, 38 Tex. Crim. Rep. 627, 44 S. W. 505; Pace v. State, 79 Tex. Crim. Rep. 531; Neeley v. State, 100 Tex. Crim. Rep. 76, 271 S. W. 922. We cannot say the exclusion of this evidence was harmless. The version of the transaction as given by the occupants of the two cars was completely at variance. The evidence sought to be introduced may have aided the jury in determining the issues before them.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*