# MAY 3, 1933

### ETTA BLACK V. THE STATE.

No. 15699. Delivered March 15, 1933.
Appeal Reinstated May 3, 1933.
Reported in 59 S. W. (2d) 1086.

The opinion states the case.

*Max Coleman,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Adultery is the offense; penalty assessed at a fine of $150.00.

This court is unable to consider the appeal on its merits because of the failure of the appeal bond to comply with article 831, C. C. P., 1925, prescribing the requisites of an appeal bond in a misdemeanor case, declaring that it must appear from the bond that the accused has been convicted of a misdemeanor. The omission of such a recital in the bond deprives this court of jurisdiction of the appeal. However, the appellant is privileged to correct the bond by amendment. Twenty days from this date will be allowed within which to perfect the appeal. See article 835, C. C. P., also Berry v. State, 83 Texas Crim. Rep., 210; Joiner v. State, 89 Texas Crim. Rep., 408.

The appeal is dismissed.

*Dismissed.*

## ON MOTION TO REINSTATE APPEAL.

MORROW, PRESIDING JUDGE.—The appeal was dismissed on March 15, 1933, for want of a sufficient appeal bond. Since the bond now before the court complies with the statute, the appeal will be reinstated.

The indictment contains the following averment: "* * * W. E. Elroy and Etta Black * * * in Lubbock County, and State of Texas, did then and there unlawfully and wilfully live together, and have carnal intercourse with each other, the said W. E. Elroy then and there being lawfully married to another person then living."

From the witness Myrtis Maynard it is made to appear that the appellant and Elroy, a married man, came to Lubbock in company with each other and claimed to be "Holiness Preachers." They stayed at the home of the witness, but slept in different rooms. The appellant slept with the mother of the witness. On one occasion they went into a room together and spent the night therein.

The state introduced circumstances going to show that the appellant and Elroy occupied the same room and same bed upon one occasion in Llano county.

Appellant testified, and denied any sexual relations with Elroy, and claimed that the incriminating testimony was fabricated.

The witness R. D. Maynard testified that on one occasion he saw Elroy pull the appellant down in his lap and kiss her; that he had seen that more than once. He saw them go to bed in his own house one night. He did not see them together in the house, but saw them go into the room in which they had previously stayed one night.

The witness, L. W. Maynard, testified as follows: "Elroy and Mrs. Black used the same bed those nights. I seen them over here in the City Dump Ground in a tent. One of us always slept out there with them. * * * Me and my wife just had one bed up in that house. Elroy would sleep in the house one night with Etta Black and outside the next."

Reiger, a deputy sheriff, testified that he crawled in a window, slipped to the back door, and let a companion into a mission. They went to the front part of the building, where they saw the appellant tucking the covers around a man. He was sick, and was laying on something that looked like a davenport. The bed in the back room did not show that it had been used that night, but the bed in the front room had two pillows which had the appearance of having been used by two people.

The testimony of the officer was denied by the appellant.

The testimony of Claude Knee is in conflict with that of the officer mentioned above. The witness claimed that appellant and his wife slept together in the living quarters and that Elroy stayed in the room with Knee. On cross-examination the witness admitted that during one night Elroy and appellant occupied the mission, but as to what they did the evidence is entirely silent.

Mrs. Knee testified corroborating the testimony of her husband to the effect that during the sojourn of the appellant and Elroy in the mission the appellant slept with the witness while Elroy slept with Mr. Knee.

Appellant sought to have the jury instructed that the testimony tending to show illicit relations between the appellant and Elroy outside the county of Lubbock could be used as bearing upon the character and credibility of the appellant, but that she could not be convicted on account of acts done in another county. Apparently the instruction should have been given.

From the opinion of Judge Hurt in the case of Funderburg v. State, 23 Texas App., 392, the following quotation is taken: "Bearing directly upon these acts and conduct of appellant and Jackson, the court was requested to instruct the jury that 'the venue in this case is laid in Bosque county, and you will not consider the evidence before you of acts in other counties for the purpose of determining the defendant's guilt in Bosque county.'

"While this charge is not strictly correct, it clearly called to the attention of the court the proper rule of law applicable to that portion of the evidence. In corroboration of the witnesses for the state, these subsequent acts, though occurring in other counties, may be considered. But, certainly, appellant should not be convicted in Bosque county for adulterous acts committed in another county; and the jury should have been so instructed."

Appellant presented several bills of exception. Bill No. 1 is quite lengthy and involves an objection to the introduction of several items of evidence, and in that particular the procedure followed by the appellant in preparing the bill is objectionable. However, the court qualified the bill. Appellant asserts in an affidavit that her bills of exception were qualified without her consent and filed without her knowledge. The bills, as qualified, appear to have been filed on September 30, 1932. An extension order allowed by the trial judge, as understood, would have permitted the bills to be filed on October 15, 1932. Appellant claims in her affidavit that bills Nos. 1;

2, 3, and 4 were qualified without her knowledge or consent and filed within the time required by law. The affidavit of the appellant containing what she calls her exception to the action of the court in qualifying her bills was also filed within the time allowed by law for filing the bills of exception and statement of facts. Primarily, the trial court is without authority to qualify a bill of exception. It can legally be done alone with the consent of the accused or his attorney. When the bill appears with the qualification in the record, the consent of the appellant or his counsel will be presumed upon appeal, in the absence of an affirmative act upon his part, verified by the trial judge or bystanders, asserting his right to have the bill filed as prepared. When, as in the present case, it is claimed by the appellant that her bills of exception were qualified without her consent, she should have proceeded as though there had been an absolute refusal to approve her bills; that is to say, she should have prepared and filed a bystanders' bill, setting up the matters contained in her bill, omitting the objectionable statement. That the trial judge has no right to qualify a bill of exception filed without the consent or acquiescence of the appellant has been declared not only in the statutory provisions governing the subject but in many decisions of this court. Some of them will be found in the following sections of Tex. Jur., vol. 4, namely, secs. 190, 191, 192, 194, 195, 196. Because of the situation in which the appellant found herself in the present instance, her remedy was to prepare and file a bystanders' bill of exception, setting up the complaints that were contained in her original bill of exception and proving the bill by bystanders. See Kirkpatrick v. State, 85 Texas Crim. Rep., 172; McCarty v. State, 107 Texas Crim. Rep., 589; Exon v. State, 33 Texas Crim. Rep., 461; also Tex. Jur., vol. 4, sec. 198.

From what has been said, it is manifest that this court can only consider the bills of exception in the present instance with the qualification. So considered, we think the bills present no error. In the light of the evidence, however, from which it definitely appears that some of the acts of intercourse relied upon took place in a county other than that in which the prosecution is laid, and that other acts were proven which were not shown to have taken place in Lubbock county, the failure of the court to amend his charge so as to place proper restriction upon such acts as the jury found did not take place in Lubbock county, we think was error which requires a reversal of the judgment, which is accordingly ordered.

*Judgment reversed.*