LESTER CHINN V. THE STATE.

No. 22728. Delivered January 19, 1944.

The opinion states the case.

*Paul Petty,* of Ballinger, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged with the theft of eight pillow cases. He entered a plea of guilty before the court and was fined $25.00 and sentenced to confinement in jail for one day.

The record is before us upon one bill of exception which presents a most unusual situation.

A plea of guilty properly accepted generally carries with it an admission of the presence of criminative facts which constistute the offense charged. See Bennett v. State, 98 Tex. Cr. R. 661, 267 S. W. 987, and cases therein cited. On the other hand, the bill of exception certifies that appellant was coerced by the arresting officer to enter his plea of guilty and directly certifies: "Defendant was not guilty of the offense charged and never took the property described in the complaint herein and so informed said officers at the time they told him to plead guilty, etc." At another place in the bill occurs the following recital: "The conviction of defendant herein under the circumstances was and is wrongful and should be set aside because defendant was and is innocent of the charge on which he was convicted."

The trial judge undertook to qualify the bill but the qualification was excepted to probably because it apparently states the facts of which the court could not have judicial knowledge but relates occurrences that took place in the office of the County Attorney and not in the presence of the court. We think the court overlooked the effect of the exception to his attempted qualification. See Dowd v. State, 104 Tex. Cr. R. 480, 284 S. W. 592; Dailey v. State, 106 Tex. Cr. R. 99, 291 S. W. 242; Barton v. State, 107 Tex. Cr. R. 75, 294 S. W. 1112.

"We have repeatedly held that such an exception destroys the qualification, and that the bills in such cases must be considered as if no such qualification had been attached." (Winfrey v. State, 124 Tex. Cr. R. 670, 65 S. W. (2d) 297, and cases therein cited.)

An examination of the many cases referred to will point out the proper procedure when a defendant declines to accept the

proposed qualification. We must, under the consistent holding of the court, consider the bill as though no qualification had been attempted, and so considered, we have no option but to reverse and remand the case, and it is so ordered.