41  611<br>28a 510

## SAM WARD v. THE STATE.

1. EVIDENCE—WHEN DECLARATIONS OF ONE CHARGED WITH CRIME ARE ADMISSIBLE IN HIS DEFENSE.—When the ascertainment of the motive with which an act is done becomes material on the trial of the actor to determine his guilt or innocence, his declarations

made at the time the act is done, and expressive of its character or object, are regarded as verbal acts indicating a present purpose and intention, and are admissible in evidence.

2. EVIDENCE—DECLARATIONS.—The declarations of one charged with theft, made at the time when the property is first found in his possession, may be given by him in evidence ; and if he gave a reasonable account of his possession, it is incumbent on the State to show that the account is false.

APPEAL from Red River. Tried below before the Hon. J. C. Easton.

Sam Ward was indicted for hog-stealing. When about to drive some hogs of his own to market, Mrs. McCrury requested the defendant to take the hog alleged in the indictment to have been stolen to market to be sold for her benefit. Her statements at the time of the delivery by her of the hog to defendant were offered by him in evidence and excluded, to which defendant excepted. One Bramer, the alleged owner of the animal, followed the defendant, and, under a claim of ownership, obtained possession of the property, with the understanding that, if it should be proven to be the property of Mrs. McCrury, she should be paid for it. The declarations of defendant, when found by the alleged owner in possession of the property, were also offered in evidence and excluded, to which defendant excepted. Verdict guilty, and punishment assessed at one year in the penitentiary.

*A. R. Mitchell* and *Gaines & George,* for appellant.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—We find two bills of exception in the transcript to the rulings of the court in excluding evidence offered by the defendant on the trial to prove the declarations made to the defendant by Mrs. McCrury, in reference to the hog alleged to have been stolen, when she turned it over to defendant, and also the explanation made

by defendant to Mr. Bramer, when found in possession of the hog alleged to have been stolen, as to how he, the defendant, came in possession of it, in both of which rulings the court erred, to the prejudice of the defendant.

These questions are almost too plain for discussion or for reference to authority.

The questions in the case, as presented by the facts, were, Did defendant know that the hog did not belong to Mrs. McCrury at the time she turned it over to him, to be driven by him to market and sold for her; and did he receive it to aid her in committing a theft of the hog; and was the jury satisfied of these facts from the evidence beyond a reasonable doubt ?

What Mrs. McCrury said about the hog, and the directions given by her to defendant while in the act of turning over the hog to him, was part of the act itself, and as such should have been admitted as part of the *res gestæ.* (1 Starkie Ev., 63.)

Mr. Greenleaf says: Where a person does any act material to be understood, his declarations made at the time of the transaction, and expressive of its character, motive, or object, are regarded as "verbal acts indicating a present purpose and intention," and are therefore admitted in proof like other material facts. (1 Greenl. Ev., § 108.)

Upon the same principle, proof of what defendant said when he was found by Bramer in possession of the hog, as to the manner of getting possession, should have been admitted.

Mr. Starkie, in speaking of the force of the presumption of the guilt of a party arising from his being found in possession of property that has been stolen, says: "The fact of possession is capable of being confirmed or weakened by circumstances, particularly those of his concealment of the goods; the opportunity the prisoner had to commit the crime; his vicinity to the place; his conduct when the charge was made; false or improbable representations to

account for the possession; his readiness or unwillingness to meet the charge."

"The force of this presumption depends upon the consideration that the prisoner, who can account for his possession of the goods, will, if that possession be an honest one, give a satisfactory account of it." (2 Starkie Ev., 449, 450.

Mr. Greenleaf states the general rule to be "that where a man in whose possession stolen property is found gives a reasonable account of how be came by it, it is incumbent on the prosecutor to show that the account is false." (3 Greenl. Ev., § 32.)

This principle is found in a great variety of modes of expression, more or less accurate, but which, however expressed, embraces plainly the idea of the admissibility of such declarations as were offered to be proved in this case, for the error of the court in rejecting which, the judgment is reversed and cause remanded.

REVERSED AND REMANDED.