SANDY ALEXANDER v. THE STATE.

No. 3364.    Decided December 13, 1905.

**1.—Burglary—Charge of Court—Immaterial Omission.**

On a trial for burglary, where the charge of the court on circumstantial evidence omitted the phrase, "and no other person," in applying the moral certainty that the accused committed the offense, there was no error.

**2.—Same—Charge of Court—Accomplice—Accessory.**

On a trial for burglary, where the evidence showed that the State's witnesses merely concealed the alleged offense and falsified about knowledge thereof, it did not render them accessories or accomplices, and there was no error in the refusal of a requested charge on this phase of the case.

**3.—Same—Charge of Court—Alibi.**

Where the general charge of the court was the proper charge on the law of alibi, there was no error in refusing a special charge thereon.

**4.—Same—New Trial—Newly Discovered Evidence.**

On motion for new trial, where the newly discovered evidence is indefinite, and tends to show that defendant had knowledge of the same, there was no error in overruling the motion.

Appeal from the District Court of Falls.   Tried below before Hon. Sam R. Scott.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Rice & Bartlett,* for appellant.—On question of accomplice:  Armstrong v. State, 33 Texas Crim. Rep., 417; Williams v. State, id., 128; Elizandro v. State, 31 id., 237; White v. State, 30 S. W. Rep., 556; Zolicoffer v. State, 16 Texas Crim. App., 312; Rios v. Staet, 48 S. W. Rep., 505.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment fixed at confinement in the penitentiary for a term of two years.

In the motion for new trial appellant complains that the court's charge on circumstantial evidence fails to instruct the jury, in effect, that the evidence must be of so conclusive a nature as to exclude every reasonable hypothesis, except the guilt of defendant, and also show a reasonable and moral certainty that the accused and no other person committed the crime.   An examination of the charges shows that the court omitted the phrase "and no other person."   The charge does state that the facts and circumstances proved, must not only be consistent with the guilt of the accused, but be inconsistent with and exclude any other reasonable hypothesis or conclusion than that of his guilt, and produce in your minds a reasonable and moral certainty that the accused committed the offense.   This being true, we do not think there is any reversible error in omitting the clause, "and no other person."

The second ground of the motion is, that the court erred in failing to give his special charge number 1 on the subject of accomplice's testimony.   We do not think there was error in refusing this charge. The evidence in substance shows that Martha Parks' home was burglarized, by entering the back door, which was propped by an ax on the inside; and that no one could enter said door without removing the ax, and then pushing the door open.   Mary Shell testified that late in the evening she sent her children Lizzie and Lonnie after some wood; they tarried, and she went in search of them.   After scolding the children for their tardiness she started back home, and saw appellant (whom she well knew) coming out of the back door of Martha Parks' house.   He went down into a ravine back of the house, and finally went towards his own home.   The children Lonnie and Lizzie Shell testified to seeing defendant coming from the house and going into the ravine; that when he entered the ravine, or "old river," as they term it, some cattle (one being belled) took fright at his presence

and ran off; that they knew defendant and recognized him. The owner of the house Martha Parks was away from home at the time the burglary was committed. Upon her return, finding things in general disorder, and her suspicions being aroused, on investigation she discovered $85 had been taken out of the safe, the key to which was under her pillow at the time she left. The burglary was committed late in the evening, and that night she went to Mary Shell's house. Mary Shell told Martha Parks that she had seen appellant passing in the direction of her house—the children (at least the girl) made a similar statement. Mary Shell did not state at that time that she saw appellant coming out of the house. Her reason for not doing so, as testified on the trial, was that she desired to assume the role of peacemaker, and appellant could properly be churched for his peculations, and this would stop the matter; and she did not tell what she knew and testified in this case, until long after said burglary. We hold that mere concealment of a crime, or falsifying about knowledge thereof, does not render a witness an accessory or accomplice. This question was elaborately discussed by this court in Shackey v. State, 41 Texas Crim. Rep., 255. It follows from the above that neither Mary Shell, nor her children, were accomplices or accessories.

The court did not err in refusing appellant's special charge on alibi. The charge given by the court was a proper charge on that issue.

Appellant insists that the court should have granted a new trial on the ground of newly discovered evidence, to wit: that of Ezekiel Dayton, and Charley and Mary Everson, to the effect that the mouth of the branch that runs by the house of prosecuting witness is obstructed by a good fence with four barbed wires, and that cattle or other stock could not pass down and out said branch or ravine into old river, as testified to by the witnesses Lonnie and Lizzie Shell, as appears by affidavits; and that Mary Everson and her child would testify, that witness Lonnie Shell was seen in and about the premises of Martha Parks on the day of the alleged burglary and could have been and was likely the party who entered said house on the occasion in question. We do not think that any of this evidence comes within the rule of newly discovered evidence. The location of the house could have been and was known to appellant at the time he was on trial for this offense. The fact that Lonnie Shell was seen in and about the premises is too indefinite, and also inconclusive; that he was about the house is testified to by the prosecuting witnesses. The affidavit of the absent witness, upon whose testimony newly discovered evidence is predicated, does not show that he was in the house, but simply near the house. While the evidence is not as satisfactory as it might be, yet we do not feel authorized to disturb the finding of the jury. The judgment is accordingly affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]