## MANUEL GONZALES v. THE STATE.

### No. 6414. Decided November 9, 1921.

**1.—Theft of Horse—Statement of Facts—Motion for New Trial—Bill of Exceptions.**

In the absence of a statement of facts adduced on the trial, and also one giving the facts in support of a motion for new trial, the case is heard upon its merits on appellant's bill of exceptions approved and duly filed.

**2.—Same—Misconduct of Jury—Attorney and Client—Affidavit.**

Where the question was raised that after the retirement of the jury to deliberate on the case it received other evidence, the affidavits evidencing such facts and attached to the motion for new trial was sworn to before defendant's counsel as a notary, the same cannot be considered on appeal. Following Maples v. State, 60 Texas Crim. Rep., 171, and other cases. However, where oral testimony was permitted on the hearing of motion for new trial, but nothing appeared in the record to show that at the time of the jury's deliberation any such outside evidence was received, there was no reversible error, and at most the matter was a mere statement of one juror that the accused had been previously convicted, and there was no reversible error.

**3.—Same—Juror Cannot Impeach Verdict—When.**

As juror who sat on the case may not be heard to say that he did not think the evidence, etc.

· Appeal from the District Court of Nueces. Tried below before the Honorable Walter F. Timon.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Emmett L. Coleman,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Nueces County of theft of a horse, and his punishment fixed at two years in the penitentiary.

The case is before us without a statement of facts. The trial term of the court below ended May 18, 1921, and the transcript on appeal was filed in this court on June 18, 1921. On the same day there was also filed what is styled appellant's motion to file record. From the contents of said motion we are unable to determine that reference is therein made to the statement of the facts heard by the lower court upon the presentation of the motion for new trial, or to the statement of facts heard by the jury upon appellant's trial herein. The statement of the facts heard by the lower court in support of the motion for new trial, was not filed during term time in the court below, and for that reason could not be considered by us, but inasmuch as substantially the same facts appear in a bill of exceptions approved and duly filed, appellant loses nothing by a failure to have us consider said statement of facts. If reference is intended in said motion, to a statement of the facts adduced on the trial, no copy of such statement accompanies the motion, and if granted there would be no statement of the facts before us.

But one question is raised, which is, that after their retirement to deliberate on this case the jury received other evidence. We may observe that the affidavits evidencing such facts and attached to the motion for new trial, can not be considered by us because same were sworn to before appellant's counsel as a notary. Maples v. State, 60 Texas Crim. Rep. 171; Branch's Ann. P. C., Sec. 194, and authorities cited; Hall v. State., 7, 9 Texas Crim. Rep., 463. As shown, however, by the bill of exceptions, the juror Hall gave oral testimony upon the hearing of the motion for new trial, most of said testimony being along lines which we have often held insufficient to impeach the verdict of a jury. One who sat on a jury may not be heard after verdict to say that he did not think the evidence sufficient, or that he yielded his views in favor of the accused because some other juror was anxious to be discharged, or that he was over-persuaded by the arguments of other jurors, etc. Said juror did testify that two jurors in the instant case also sat upon the trial of a companion case, and that they said that the other man had gotten two years and appellant ought to get

ten. Nothing appears in this record to show at what time of the jury's deliberation such statements were made, whether before or after verdict had been agreed upon, or that the punishment was enhanced, or that the record was bare of evidence showing the fact of the conviction of appellant's co-defendant, or that there was reference to his punishment made in an improper manner. The other party referred to was tried on one day and convicted, and appellant was tried and convicted the next day. The burden of proof is upon the accused in seeking advantage of a claimed error of the kind mentioned, to bring himself strictly within the rules, and he must show that the matter spoken of in the jury room was not related to or supported by any facts given in testimony upon the trial. This was not done in the instant case. Upon another view of the matter we call attention to the fact that in Morrison's case, 39 Texas Crim. Rep. 519, we held that the mere fact that one juror stated to others that the accused had been previously convicted, was not such error as to call for a new trial; so in Ray's case, 35 Texas Crim. Rep. 354, and if reference to appellant's previous conviction be not *per se* prejudicial, we cannot see the injury of reference to the conviction of a companion.

Appellant not seeming to have brought himself within any rule requiring a reversal, the judgment of the trial court will be affirmed.

*Affirmed.*