BERRY, Judge.
 

 Appellant was convicted in the district court of McLennan county for the offense of murder and his punishment assessed at confinement in the penitentiary for a term of fifteen years.
 

 The State’s testimony shows that the killing occurred at Moody, Texas, and the testimony from the standpoint of the State shows that appellant went to the home of Willie Smith, called the deceased from the gallery, walked up the street some little distance to near the home of the defendant, and shot the deceased. Some of the witnesses testified that they saw nothing out of the ordinary about the looks and demeanor of either the appellant or the deceased when they left the home of Willie Smith. The State’s testimony, taken alone, is entirely sufficient to justify a verdict for murder.
 

 The defendant testified in his own behalf that on Sunday, the day of the killing, he went to the postoffice to get his mail; that the deceased’s box was No. 272, and his box was No. 265; that as he was getting his mail he saw a letter from his wife in the box of deceased, that he knew her handwriting, and asked the postmaster for it and got it. He testified that he was familiar with his wife’s handwriting, and identified the letter as having been written in her handwriting.
 

 The envelope was post-marked “Lampasas, Texas, Sep. 15, 1923. Prom Moselle Bailey, Lampasas, Texas.” Address: “Mr. McCoy, Pish, Moody, Texas.” The letter contained many affectionate and lascivious statements, and if written by appellant’s wife was entirely sufficient to justify appellant in concluding that deceased and appellant’s wife had been guilty of adultery. Said letter was signed “Little Devil”.
 

 Appellant also testified that when he showed this letter to the deceased, immediately before he killed him, the deceased said, “It is funny to me; every time niggers whose whores have trouble, they lay it on me.”
 

 
 *690
 
 It will be observed from the above statement that appellant’s testimony showed that he relied solely on his knowledge of his wife’s handwriting to enable him to conclude that she wrote the letter; and it will also be observed that the language used by the deceased when shown the letter might easily be construed as a denial of the truth of the contents of the letter.
 

 By bill of exceptions No. 11 appellant complains of the action of the trial court in refusing to permit him to prove by the witness J. A. Land “That he knew the defendant and the deceased, McCoy Fish, and that his (Land’s) place of business was across the street from the residence of the defendant, and that often when the defendant was absent he saw the deceased enter the home of the defendant while defendant’s wife was present, and that on several occasions he saw the defendant leave his home and immediately thereafter the deceased would enter said home and visit defendant’s wife and would leave before the defendant would return. There were no other persons living in said house, which was a residence, except Wilburn, the defendant, and his wife, and neither Wilburn nor his wife, was related to McCoy Fish. The bill shows that this evidence was offered for the purpose of proving that an improper relation existed between the deceased and the defendant’s wife, that they were committing adultery, and that the defendant was justified in his belief that this relationship existed and that he did not kill or act on an unfounded suspicion. This evidence was admissible. In order to reduce the killing to manslaughter, appellant offered in evidence an envelope postmarked Lampasas, Texas, with the inscription “From Moselle Bailey Lampasas, Texas.” This letter was signed “Little Devil” and addressed to deceased. Appellant testified that it was written in the handwriting of his wife. If written by appellant’s wife, this letter revealed that a state of illicit relations existed between her and deceased. Appellant showed this letter to deceased before he killed him, as above stated, and deceased used language which the jury may have properly construed as being a denial of such illicit relations. Under these conditions, if appellant believed the letter to be in his wife’s handwriting, .the letter stood on exactly the same basis as would an oral statement of such illicit relations made by his wife to him; yet, under the testimony, the jury may have con- . eluded,. because no other testimony was offered as to either the handwriting or the illicit relations between appellant’s wife and deceased, and because no other person than the appellant testified to either of these matters, that said wife did not write the letter and that appellant did not believe she wrote it. The excluded testimony would have cogently and pertinently’ tended to corroborate the appellant’s statement that the letter was written by his wife, and might have assisted the jury in concluding that the deceased
 
 *691
 
 was intimate with her. In a criminal case, where appellant relies upon any character of defense that is
 
 not
 
 definitely and dearly established by the evidence, then any fact or circumstance which renders probably true the appellant’s defense is admissible in evidence. McAnear v. State, 43 Texas Crim. Rep. 522; Hill v. State, 52 Texas Crim. Rep. 241; Fossett v. State, 41 Texas Crim. Rep. 405; Jones v. State, 38 Texas Crim. Rep. 87; Davis v. State, 155 S. W. 548; Walker v. State, 156 S. W. 206.
 

 Because of the error of the court in excluding the testimony above detailed, we conclude that the judgment of the trial court should be reversed and the cause remanded.
 

 Reversed and remanded.
 

 The foregoing opinion of • the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.