### W. Z. STAPLETON v. THE STATE.

No. 11015.   Delivered October 5, 1927.

**1.—Theft by Conversion—Bill of Exception—Qualification by Court—When Excepted To—Disregarded.**

This court has repeatedly pointed out that the trial judge has no authority to qualify a bill of exception, over the objections of the party presenting it to him, and when so qualified, the bill on appeal will be considered without qualification.  See Art. 667, C. C. P., Art. 2237, R. C. S.; Barton v. State, 294 S. W. 1112, and other cases cited.

**2.—Same—Evidence—Statement of Accused—Improperly Excluded.**

Where appellant was on trial for theft by conversion of an automobile, which he had borrowed and agreed to return within a given time, a statement made by him while the car was in his possession that it was a borrowed car, and that he was going to return it, as soon as he found a man that owed him some money, should have been admitted in evidence.

**3.—Same—Evidence—Showing Intent—Properly Received.**

Where appellant was on trial for theft by conversion of an automobile, it being shown that he had given a check for fifteen dollars as earnest money for the purchase of another automobile, the state was properly permitted to prove that this check was a forgery, this transaction being an incident leading up to the acquisition by appellant of the car he is charged with having converted, shed light upon his intent in acquiring said car.  See Craig v. State, 23 S. W. 1108, and other cases cited.

**4.—Same—Evidence—Hearsay—Erroneously Admitted.**

Where the controlling issue upon a trial for theft by conversion of an automobile was the intent to convert, to permit a witness for the state to testify that he was told by an uncle of appellant in the latter's absence, that appellant had said to one John McGee that when appellant left McGee's place he was leaving the country, it would be difficult to imagine more damaging hearsay testimony under the issue to be determined.

5.—Same—Argument of Counsel—Of Testimony Withdrawn—Improper.

Where the court had withdrawn from the jury hearsay testimony of a most damaging character against appellant, it was very improper for the prosecuting attorney to discuss this testimony in his argument to the jury, and the court should have promptly directed the jury to disregard it. See Sarlie v. State, 80 Tex. Crim. Rep. 161, and note 12 under Art. 648, Vernon's C. C. P., Vol. 2.

Appeal from the District Court of Eastland County. Tried below before the Hon. Geo. L. Davenport, Judge.

Appeal from a conviction for theft by conversion, penalty two years in the penitentiary.

The opinion states the case.

*Chastain & Judkins* of Eastland, for appellant. On improper argument by counsel for state, appellant cites: Link v. State, 164 S. W. 987; Knight v. State, 147 S. W. 268; Davis v. State, 141 S. W. 264, and Beaver v. State, 142 S. W. 11.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was convicted of theft by conversion of a Ford automobile, his punishment being assessed at two years in the penitentiary.

Appellant was negotiating with a motor company at Rising Star for the purchase of a used Chevrolet automobile. He informed the salesman for the company that a party in the oil field near there owed appellant some money which, if he could collect, would enable him to buy the car. The salesman went with appellant over the oil field but failed to find the man for whom appellant was apparently seeking. When they returned to Rising Star appellant delivered to the salesman a check for fifteen dollars, payable to the motor company and purporting to be signed by one H. M. Wingfield, appellant requesting the salesman to hold the car until appellant could find his "boss" and collect his money. What has just been related occurred on Thursday. On Friday morning appellant again came to the motor company's place of business and notified the salesman that he had located his "boss" at a certain pumping station and if he could get the car he could go out to this place and collect his money. We understand from the statement of facts that appellant had referred to getting possession of the Chevrolet car. The salesman, however, did not let him have that car,

but did loan him a Ford car to be used for the purpose indicated by appellant. The place designated by him where he represented he would find his "boss" was about eight miles from Rising Star. The salesman admonished appellant when he drove the Ford away to hurry back, otherwise they might miss a sale of that car. Appellant did not return the car and the owners instituted search for it. They found the car and appellant on Sunday at the house of a kinsman of appellant some forty miles from Rising Star and in an opposite direction from the place indicated by appellant as the one he wanted to visit when he acquired possession of the car.

Several bills of exception were qualified by the trial judge over objection. We again call attention of trial judges and prosecuting officers to the result when a bill in such condition is presented to this court for review. We have repeatedly pointed out that the judge has no authority to qualify a bill over objection of a party presenting it to him. See Art. 667, C. C. P., and Subdivisions 7, 8 and 9, of Art. 2237, R. C. S.; Barton v. State, 294 S. W. 1112; Dowd v. State, 104 Tex. Crim. Rep. 480, 284 S. W. 592; Dailey v. State, 106 Tex. Crim. Rep. 99, 291 S. W. 242; Ariola v. State, 105 Tex. Crim. Rep. 563, 289 S. W. 385; Melton v. State, 106 Tex. Crim. Rep. 240, 291 S. W. 904. If an objection is urged to the proposed explanation the judge should refuse the bill and return it to the party presenting it and then should himself prepare and file a bill in lieu of the one refused. When this course—which is plainly provided by the statute as the one to be pursued—is not followed and the bill is filed with a qualification or explanation appended over objection properly shown, the bill must be considered independently of such qualification or explanation. Such must be our treatment of the bills in the present case.

It is thought the court committed no error in admitting proof that the check for fifteen dollars given to the motor company was a forgery over the objection that it showed the commission of another crime. The giving of the check occurred during the negotiations for the car which appellant was seeking to purchase, and was an incident leading up to the acquirement by appellant of the car he is charged with having converted. If the state could show that the check was forged and appellant knew that fact it would tend to shed light upon appellant's intent with reference to the car of which he acquired possession. Craig v. State, 23 S. W. 1108; Stovall v. State, 97 S. W. 92; Bedford v. State, 75 Tex. Crim. Rep. 309, 170 S. W. 727.

Appellant offered two witnesses, each of whom would have testified in substance that on Saturday after appellant borrowed the car on Friday they saw appellant driving it and he then stated to the witnesses that he was driving a borrowed car and was going to return it to the owners at Rising Star as soon as he located a certain party who owed him some money. Upon the state's objection that the testimony was self-serving the court excluded it. In this ruling we think the learned trial judge fell into error. The state's case depended on establishing a fraudulent conversion of the car after appellant came into its lawful possession. The state was insisting that appellant's failure to return the car promptly, and his conduct incident to borrowing it, and his subsequent use of it, was inconsistent with an acknowledgment of the owner's title and constituted a fraudulent conversion. The statements of appellant which were excluded were made during the time the state was claiming the acts of appellant showed an intent to convert the car to his own use. If appellant had been permitted to place before the jury through these witnesses what he said about the car during the time it might have aided the jury in determining appellant's intent with reference to it. The following authorities appear to support the view that the evidence should have been admitted. Rumbo v. State, 28 Tex. Crim. App. 30; Williams v. State, 4 Tex. Crim. App. 5; Taylor v. State, 50 Tex. Crim. Rep. 377; Wilburn v. State, 99 Tex. Crim. Rep. 656, 271 S. W. 606; Rush v. State, 95 Tex. Crim. Rep. 564, 255 S. W. 403.

A witness for the state testified that he was told by an uncle of appellant in the latter's absence that appellant had said to one John McGee that when appellant left said McGee's place he was leaving the country. It would be difficult to imagine any more damaging hearsay evidence under the issue to be determined. The learned trial judge realized this and at appellant's request promptly instructed the jury not to consider the testimony for any purpose. Notwithstanding such evidence had been withdrawn from the jury the District Attorney argued that if appellant intended to return the car to the owners he would not have told McGee he was leaving the country. Appellant urged objection to the argument and requested the court to instruct the jury to disregard it, which the court declined to do. No evidence is found in the record upon which such argument could be legitimately based. Although John McGee was a witness, he gave no evidence that appellant made any such statement as claimed. The argument was upon an issue vital to the case and hurtful to appellant. The only evidence upon which the argu-

ment could possibly have been predicated had been withdrawn and the District Attorney should have refrained from alluding to it, but having done so, the court should have promptly directed the jury to disregard it. Sarli v. State, 80 Tex. Crim. Rep. 161, 189 S. W. 149. (Many other authorities are collated under Note 12, Art. 648, Vernon's Ann C. C. P., Vol. 2.)

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*