Cab Cunningham v. The State.

No. 11865.   Delivered December 19, 1928.
Rehearing denied defendant November 27, 1929.

The opinion states the case.

*John N. Gauntt* and *W. V. Dunnam* of Waco, for the appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, theft of an automobile; penalty, three years in the penitentiary.

Appellant drove a Chevrolet car belonging to prosecuting witness from McLennan County, Texas, to Arkansas, beginning the journey about the 29th of August, 1927. About forty days thereafter he was arrested for its theft in Little Rock, Arkansas, and the car found in his possession. Appellant claims that he borrowed the car from prosecuting witness for the purpose of going to Little Rock to take the baths for an injury incurred during the war. Apparently the car was driven off by appellant in the presence of prosecuting witness but according to the prosecuting witness same was without his consent and against his express direction. According to prosecuting witness appellant said at the time that he would be gone with the car about twenty minutes.

Two alleged errors are presented in the brief of appellant.

The first of these relates to the action of the Court in excluding the offered testimony of the father of appellant to the effect that appellant stayed all night with said witness on the night the car was alleged to have been taken and told the witness that he was going to Arkansas; that the car was loaned to him by prosecuting witness, the owner of same, and that he had the permission of the owner of said automobile to use and drive the same in going to Arkansas to take the baths. Practically all of this was admitted by the Court except the statement that he had borrowed the car. It appears from the qualification to appellant's bill presenting this matter that he was not arrested for something like forty-two days

after this and that at this time he had not been charged with or suspected of the theft and that same was excluded as being self-serving. Appellant relies upon the case of Stapleton v. State, 298 S. W. 578. In the Stapleton case the State introduced certain acts of appellant intended to show the existence of a fraudulent intent at the time of such acts. The statements held admissible were a part of the res gestae and explanatory of these very acts proven by the State and tended to defensively explain and rebut the acts of appellant relied upon by the State as one of the main incriminating facts. This is made plain by the following statement in said opinion:

"The statements of appellant, which were excluded, were made during the time the state was claiming the acts of appellant showed an intent to convert the car to his own use."

Such are not the present facts. The question presented, we think, is ruled by Seebold v. State, written by Justice Hawkins, who also wrote the Stapleton opinion, supra. We quote from the Seebold case:

"But his declarations before arrest, or before his right of possession is questioned, are regarded as self-serving, and rather smack of a preparatory defense, because of conscious wrongful possession; likewise, his statements made subsequent to arrest, or to the time his right of possession is challenged, where time has elapsed for him to reflect and fabricate an explanation, are excluded; they pass from the domain of res gestae of the particular transaction, to-wit: a challenge of his possessory right, and again become obnoxious as self-serving and hearsay." Seebold v. State, 89 Tex. Crim. Rep. 563.

The offered testimony was not a part of the res gestae of the taking nor had the possessory right of appellant at this time been either directly or circumstantially challenged, nor had he been arrested for the theft; nor is there any circumstance to show that he was called upon to explain his possession at the time of making the statements aforesaid. The testimony therefore was properly excluded. Phillips v. State, 19 Tex. Crim. App. 163; Ward v. State, 41 Texas 611.

The action of the Court in authorizing a conviction if the property was obtained by the defendant by some false pretext is attacked because it is claimed that there was no evidence to support such a charge. The Court undoubtedly had in mind in giving this charge the evidence relating to the statement testified to by prosecuting wit-

ness that appellant said he would be gone with the car about twenty minutes when he drove off in same. Under the peculiar circumstances of this case an implied consent to the taking was clearly inferable from the facts surrounding the taking in the absence of the statement just quoted. Without this and the charge objected to the State was practically without a case. This statement constituted, we think, a sufficient basis in the evidence for the charge complained of.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The first count in the indictment charged theft by a fraudulent taking, the second count charged theft by conversion. Conviction was under the first count, which was tantamount to acquittal of theft by conversion. The foregoing statement becomes pertinent in view of appellant's renewed insistence that reversible error was committed by the trial court in excluding the statement made by appellant to his father. The count of theft by conversion having been submitted to the jury the excluded statement was probably admissible under authority of Stapleton v. State, 107 Tex. Cr. R. 596, 298 S. W. 578, and if conviction had been under the second count a question so serious would have been presented as might have called for reversal; but appellant cannot again be tried for theft by conversion. If the offered testimony would be inadmissible upon another trial for theft by a fraudulent taking why the necessity of a reversal? But appellant insists that it was admissible under the authority of Rumbo v. State, 28 Tex. Cr. R. 30, 11 S. W. 680, and that our original opinion is in direct conflict with the holding in Rumbo's case. We think not when the facts of the Rumbo case are analyzed. When that offense was committed the conversion of property possession of which had been legally acquired was not an offense. There was no question but that Rumbo was in legal possession of the horse with the theft of which he was charged. To make out its case the state was relying on the theory that a false pretext was used by Rumbo in acquiring possession of the animal, and that he at the very time of its acquisition entertained a fraudulent intent to convert it to his own use. He had legal au-

thority to take the horse from Hill County to Cooke County where he was to use the horse in carrying on business for the owner's benefit. He passed through Ellis County on his way to Cooke County and the holding in Rumbo's case was that he was entitled to prove by witnesses in Ellis County that he made statements to them in line with the good faith of his possession of the horse and the purpose of his journey to Cooke County as tending to show that if he later converted the horse he entertained no such intent when it came into his possession or when he was in Ellis County with it on his way to Cooke County. In the present case any issue of false pretext—independent of theft by conversion which has passed out of the case—arises from the theory that the owner gave his implied consent for appellant to use the car for twenty minutes; that time had long expired before appellant made the statement exclusion of which is complained of; such statement could throw no legitimate light on appellant's use of the car during the twenty minutes; his right of possession of the car was not challenged by his father; appellant volunteered the statement which he wished to prove. It appears to be a purely self-serving declaration under the present status of the case which is ruled by the principle discussed in Seebold's case, 89 Tex. Cr. R. 563, 232 S. W. 328, and the authorities therein referred to. It occurs to us that any other rule would permit one to build a defense to a charge of theft by his voluntary self-serving statements regarding the stolen property in the absence of a first challenge to his right of possession.

Appellant also complains that the court should not have submitted the issue of theft by false pretext, on the ground that the evidence raised no such issue. It is true the owner testified that he refused his consent for use of the car for even twenty minutes, but the fact that appellant drove the car away practically in the presence of the owner who then took no steps to apprehend appellant, and made no complaint to the officers regarding the taking of his car until the next morning, together with the relations between the parties was persuasive that the owner's refusal was not as positive as claimed by him; this led us to the conclusion expressed in the original opinion that under the very peculiar circumstances of this case implied consent to the use of the car for twenty minutes was inferable, and therefore the court was not without grounds to submit the issue objected to. The general principle involved may be found stated as follows in Segal v. State, 98 Tex. Cr. R. 485, 265 S. W. 911:

"One who with a preconceived design to fraudulently deprive the owner of personal property, obtains possession of it and makes use

of the possession to convert the property to his own use, would not be excused from a charge of theft by the fact that the owner consented to part with the possession of his property. This we understand to be a general rule often applied in our own and other jurisdictions."

The motion for rehearing is overruled.

*Overruled.*