### Scrap Nance v. The State.

No. 13332. Delivered January 28, 1931.

The opinion states the case.

*Sturgeon & Sturgeon,* of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

The alleged purchaser testified that he telephoned appellant about getting some whisky and that appellant brought a pint of whisky to witness' place of business for which he paid appellant one dollar and a half. No evidence was offered in behalf of appellant.

Bills of exception Nos. 1, 3 and 6 complain because the court sustained the State's objection to certain questions asked Robinson, the alleged purchaser, by appellant on cross-examination, but in none of the bills is the expected answer to the questions set out. Manifestly the bills are insufficient.

From bill of exception No. 2 it appears that the county attorney at some time during the proceedings made a remark that "the law is that the defendant should have a license to sell liquor," which was objected to by appellant. When the remark was made or under what circumstances is not shown by the bill. The court seems to have attached an explanation or qualification which would aid the bill in some respects, but this qualification was excepted to, hence cannot be considered. See Stapleton

v. State, 107 Texas Crim. Rep., 596, 298 S. W., 578, and cases therein cited. The qualification being eliminated, the bill is insufficient.

Bill of exception No. 4 reflects that on cross-examination Robinson was asked if he had not drunk to such an extent that he had to go to bed and the doctor treated him for eight or ten days. The answer expected to this question is not shown. The things stated in the bill as expected to be shown by this witness seem in no way responsive to the question, objection to which was sustained by the court. The relevancy of what transpired in the grand jury room, or what condition witness was in when before that body, is not made to appear by this bill.

Bill of exception No. 5 recites that upon the cross-examination of Robinson appellant asked him if just before he was called to the witness stand he did not have a conversation with the county attorney and a deputy sheriff (naming them); without the bill showing whether the witness said he did have such conversation he was then asked to "tell the jury what the conversation was." Objection was sustained. The bill recites that the witness was expected to testify that in such conversation he was told that if he failed to testify that he bought whisky from appellant he (the witness) would be prosecuted for perjury. In explanation of the bill the court says when witness was requested to tell the jury what the claimed conversation was that the State objected because the question was "too general, irrelevant and immaterial;" that he sustained the objection, and that the court was not advised in any way what answer was expected from the witness. Under these circumstances the court can not be held to have committed error. There was nothing in the question to advise the court that the conversation was in any way relevant to the case, and not being at the time advised thereof, his ruling was correct. The statement of the expected answer in the bill of exception presented to the court long after the trial could not affect the correctness of his ruling at the time it was made.

The fourth paragraph of appellant's motion for new trial avers that since the trial appellant has discovered new testimony which is claimed to be material. The claimed newly discovered witness is Dr. Gooch. The motion then avers that after both the State and appellant had rested their case and while the court was preparing his charge one of appellant's counsel requested the court to re-open the case in order that Dr. Gooch might be used as a witness, and that this request was refused. If any exception was reserved to this action of the court it is not evidenced by the record. Attached to the motion is the affidavit of Dr. Gooch containing his proposed testimony. This affidavit is sworn to before one of appellant's attorneys. An affidavit thus sworn to may not be considered. Nothaf v. State, 91 Texas Crim. Rep., 378, 239 S. W., 215, 23 A. L. R., 1374, and authorities therein cited. It would seem that Dr. Gooch's

evidence was in no sense newly discovered as disclosed by the motion itself.

The judgment is affirmed.

*Affirmed.*