CLINT SLOANE v. THE STATE.

No. 16153. Delivered December 13, 1933.
Rehearing Denied January 10, 1934.
Reported in 66 S. W. (2d) 699.

The opinion states the case.

*Jim Baker* and *Baskett & DeLee*, all of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at confinement in the penitentiary for twenty-five years.

Appellant and the deceased were employees of a cotton mill and resided in small adjoining houses near the mill. According to the state's testimony, coming from the wife of the deceased and other witnesses, the appellant was the aggressor. He came upon the porch of deceased's house and said to the deceased that he was going to kill him, and did shoot and kill the deceased instantly. The deceased at the time was sitting on a chair on the porch. When threatened by the appellant, who had his gun in his hand, the deceased drew his pistol from his pocket. As he partly raised from the chair, his pistol was fired. As the deceased fell from the chair as a result of the wound inflicted by the appellant, his pistol fired again. When the deceased fired, the appellant was in the act of shooting him. Such was the state's testimony describing the tragedy.

Several witnesses testified that the appellant had previously said he would kill the deceased, which declarations were made a short time before the fatal shot was fired. The appellant's

testimony, coming mainly from the witnesses, George Reynolds and wife, was to the effect that the appellant went to the home of the deceased for the purpose of settling a difficulty; that there were three shots fired, two of them coming from the pistol of the deceased. There was testimony that the deceased had made threats against the life of the appellant. This was controverted. Mr. and Mrs. Reynolds also gave testimony tending to show that the deceased was the aggressor.

It appears that the case was first in the hands of Eddie Roark and Bill Bowen; that after the conviction, they ceased to represent the appellant and his case went into the hands of J. S. Baker. Roark and Bowen had filed what was denominated in the record as a "skeleton" motion for new trial, which was overruled on March 4, 1933. At the request of Baker, a week's delay to file an amended motion was granted. The court declined to extend the time further, and his failure to do so is made the subject of complaint. However, in connection with the bill of exception the court states that the reason for extending the time was so that the matter of compensation of the attorney could be arranged; and that upon the request for a second extension no additional reason was advanced.

As understood, the appellant, through his counsel, contends that there was an abuse of discretion of the court in refusing to give further delay in preparing and filing the motion for new trial in that, if delayed, the appellant would have produced new evidence material to his defense. In the matter of delaying the motion for new trial, the discretion of the trial judge is broad. In the present instance, no abuse of it is thought to have been disclosed. See Millsaps v. State, 38 S. W. (2d) 339, and cases cited.

The newly discovered evidence, as shown by the bill of exception, consisted of the affidavits of witnesses who would testify that on the day of the homicide the appellant was at a certain place engaged in tuning a piano; that he arrived at such place at eight o'clock in the morning and remained there until five o'clock in the afternoon; that the homicide occurred after five o'clock on the afternoon of June 24, 1932. It was the appellant's theory that the testimony of the witnesses mentioned was material to impeach certain witnesses who testified for the state that at five o'clock in the afternoon of the day upon which the homicide took place threats were made by the appellant in the hearing of the witnesses to kill the deceased.

The averment in the motion is to the effect that the evidence was discovered since the trial, and that on the day of the trial, the appellant was unable to get the testimony because he was

not aware of the address of the witnesses, which had been changed between the time of the homicide and the time of the trial. The object of the testimony was to contradict that of Ethel Grindle and Roxie Grindle who testified to threats. The evidence sought was simply a circumstance to impeach the testimony of the witnesses mentioned. Appellant did not testify and deny the threats. Moreover, the motion fails to show what efforts, if any, were made to ascertain the address of the persons named. It is obvious from the recitals of the matter that if the appellant was at the place mentioned by the absent witnesses at the time mentioned in their affidavits, he was aware of that fact from the beginning of the controversy. We will add that the affidavits claiming newly discovered evidence appears to have been taken by a notary public whose name is identical with that of the attorney who presents the appeal. It is thought that the ruling of the court in the matter of the purported newly discovered evidence was correct. There is lacking any proof of diligence or lack of knowledge on the part of the accused. The law does not permit the granting of a new trial on the ground of newly discovered evidence when the affidavit is taken by the attorney for the accused. See Garza v. State, 145 S. W., 591; Hogan v. State, 147 S. W., 871; Burnett v. State, 165 S. W., 581, and other cases collated in Branch's Ann. Tex. P. C., pp. 124-128; See, also, Nance v. State, 35 S. W. (2d) 155; Smith v. State, 51 S. W. (2d) 686; Escarino v. State, 55 S. W. (2d) 565; Vernon's Ann. Tex. C. C. P., art. 756, note 12. The alleged new evidence is not such as would probably have changed the result.

The judgment and sentence fail to give the appellant the benefit of the Indeterminate Sentence Law, as contained in article 775, C. C. P. The judgment will be reformed so as to condemn appellant to confinement in the state penitentiary for a period of not less than five nor more than twenty-five years. As so reformed, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We find nothing in appellant's motion for rehearing, save that in examining the record our attention has been called to the fact that we erred in the last paragraph of our original opinion in reference to what we said regarding the indeterminate sentence passed upon appellant. He was in fact given an indeterminate sentence, but in same, and also in what we said in our opinion, we lost sight of the fact that the 40th Legislature, in Chap. 274, Acts Regular Ses-

sion, changed the minimum penalty for murder from five to two years. In the sentence given appellant, and also in same as reformed in our original opinion, the minimum was made five years. The sentence of appellant will now be reformed so as to conform to the amended statute regarding said penalty, and he will be sentenced to confinement in the penitentiary for a period of not less than two nor more than twenty-five years. As thus amended the sentence will stand, and the motion for rehearing will be overruled.

*Overruled.*