### HENRY ALLEN v. THE STATE.

No. 16846. Delivered June 20, 1934.
Rehearing Denied October 17, 1934.
Reported in 75 S. W. (2d) 101.

The opinion states the case.

*E. J. Conn,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is arson; penalty assessed at confinement in the penitentiary for two years.

The dwelling-house occupied by Steve Horton was destroyed by fire on the 26th day of June, 1931. According to the testimony of the witness Leanna Hillen, known as Leanna Smith, she was living with the appellant in June, 1931. During that time the house occupied by Steve Horton was burned. Some hours before the burning, Mary Davis came to the home of the appellant. A conversation took place in the hearing of the witness Leanna Smith. Mary Davis had been living with Steve Horton. He had recently ceased living with her and resumed his relations with his wife, who, at the time of the fire, was living with him. Mary Davis asked the appellant what he would do if he were subjected to treatment such as that done her by Horton. Appellant replied that he would burn his house. He advised the use of gasoline instead of coal oil. This conversation took place early in the night. Mary Davis later returned to the appellant's home and brought some gasoline in a fruit jar which she gave to him. Mary Davis and the appellant left the house, later going to the Horton home. The witness advised them to refrain from going there and carrying out their intentions, but they persisted in doing so. Appellant returned and related to the witness that he had poured gasoline on some kindling which was under the Horton house, took a match and set it afire. Upon receiving this information, the witness looked out and observed that the house was burning. She later visited it and saw that the house was burning. Ap-

pellant and Mary Davis were gone about fifteen minutes when he returned and related to the witness what had been done. Mary Davis also came back about five minutes after appellant had returned. The witness had seen the blaze before the return of the appellant and Mary Davis. The witness admitted that she was living in illicit relations with the appellant. She did not reveal her knowledge of the appellant's participation in the destruction of the Horton house for some six or seven months after the fire. In the meantime, the friendly relations between her and the appellant had ceased. She claimed that the appellant had tried to kill her; that he stabbed her with a knife several times and she left him. After leaving him, she had married. She claimed to have refrained from disclosing his connection with the burning because of his threats against her life and fearing that he would execute them. Considering the circumstances disclosed by her testimony, her suppression of the facts within her knowledge would not characterize her as an accomplice witness. See Alexander v. State, 49 Texas Crim. Rep., 93; Tipton v. State, 126 Texas Crim. Rep., 439.

Matthews, a deputy sheriff, who learned of the burning of the house occupied by Horton, visited it and as an officer made some investigation. He was not successful in developing any definite evidence touching the cause of the burning. Later, after further investigation, he arrested the appellant. This was six or seven months after the fire.

Steve Horton testified in behalf of the State that after he and his wife had retired for the night, they awakened and observed the fire about one or two o'clock in the morning. The wife of the witness said that she saw a light, supposing it to be a light from an automobile. As the light increased the witness got up. Upon going behind his house and finally under it, he observed some kindling which was burning. However, he did not smell the odor of either the gasoline or kerosene. Upon pouring water upon the fire it seemed to increase. The building was completely destroyed.

Emmett Irvin testified in behalf of the State that he was acquainted with both Mary Davis and the appellant at the time the fire occurred; that on the evening before the fire took place Mary Davis asked the witness to bring her some gas. She said she wanted a quart of gas. However, the witness stated that he was on his way home and could not oblige her. Mary Davis had been charged at one time in a local court with disturbing the peace.

In his brief appellant advances the proposition that there was error in refusing to give the several special charges requested, notably, on the burden of proof and the definition of principal, making in the latter case reference to paragraphs 11 and 12 of the court's charge. Complaint is also made of the refusal to grant a new trial upon the ground of newly discovered evidence.

The proposition is also advanced that the evidence was circumstantial and that there was error in failing to charge upon that phase of the law. The proof of the burning is direct, and the appellant's uncontroverted admission that he was an actor in the commission of the offense is regarded as revealing that the evidence of his guilt was direct.

In article 65, P. C., 1925, it is declared that all persons are principals who are guilty of acting together in the commission of the offense. In article 69, P. C., it is said that any person who advises and agrees to the commission of the offense and who is present when same is committed is a principal whether he aids or not in the illegal act. The verdict of the jury implies that the jury believed the State's evidence, which goes to show that the appellant and Mary Davis committed the offense; that they were both present at the time the offense was committed. If the testimony of the State is believed, there seems to be no question that the appellant was one of the principal actors in the commission of the offense. The charge given by the court upon the subject of principals is quite comprehensive. So far as we are able to discern, it is amenable to no specific objection directed against it. There is no affirmative evidence that the appellant was not present. There is no evidence that he did not commit the offense. In other words, the State's testimony is not controverted. Its sufficiency is the sole subject of inquiry in view of the facts and the procedure, including the charge of the court.

Reference is made by the appellant to bills of exception Nos. 1 and 2. Bill No. 1 is to the effect that the court should not have submitted the case to the jury but should have instructed a verdict of acquittal. Bill No. 2 relates to the refusal to give a special charge upon the burden of proof. Bill No. 1 appears to have been filed in the trial court on March 29, 1934, as was likewise bill No. 2. The court adjourned on the 30th day of December, 1933. We fail to perceive any order of the court extending the time for filing the bills of exception. The time prescribed by law (as set forth in article 760, C. C. P.) is within thirty days after the adjournment of the term, except in

instances in which the court may by law continue more than eight weeks, when the bills of exception must be filed within thirty days after adjournment. To authorize consideration of the bills of exception, they must be filed within thirty days after adjournment or an extention of time must be made by the court and entered of record within the time mentioned above. Due to the length of time after adjournment and the failure of the record to show any extension of time, the State's Attorney objects to the consideration of the bills of exception, which objection we are constrained to sustain. However, appellant made some objections to the court's charge before it was delivered to the jury, which objections this court was authorized to consider and has had them under consideration in the remarks mentioned above.

A new trial was sought upon the claim that the evidence was insufficient to support the verdict. As indicated above, it is the opinion of this court that the evidence is sufficient to support the conviction.

The contention of the appellant that a new trial should have been awarded because of newly discovered evidence cannot be sustained. The alleged new evidence is that of Jim Ligon to the effect that Leanna Smith had made statements to the witness that she did not know of her own knowledge who burned the house. The statements were merely in the nature of impeaching testimony. The statute forbids a reversal upon the ground of newly discovered evidence which is merely impeaching. See West v. State, 2 Texas App., 209.

In the motion there is likewise attached the affidavit of Leanna Smith in which she controverts some of the evidence given by her upon the trial. Among other things, she states that her statement that the appellant went with Mary Davis to the Horton house at night was not true; that her statement was that the appellant left her house in the day time. She claims that she was mistaken in her statement that appellant burned the house; that if she made that statement, she desired to correct it. The affidavit amounts to a retraction of much of the criminative evidence given by her upon which the verdict of the jury is based. Judging by the jurat, the affidavit was made before the attorney who represented the appellant upon the trial and who was apparently a notary public as well as an attorney. It has been held a number of times that an affidavit of the nature of that in question cannot be considered when the oath is taken by the attorney for the accused. See Nance v. State, 35 S. W. (2d) 155; Smith v.

State, 51 S. W. (2d) 686; Escarino v. State, 55 S. W. (2d) 565; Le Juan v. State, 70 S. W. (2d) 589; Sloane v. State, 66 S. W. (2d) 699. Additional precedents upon the subject will be found in the case of Nothaf v. State, 91 Tex. Crim. Rep., 378 (see p. 380), 23 Amer. Law Rep., 1374. See also Vernon's Ann. Tex. C. C. P., vol. 3, art. 756, note 12, p. 65.

Upon the record before us, we are constrained to conclude that no error requiring or authorizing a reversal is revealed.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains that the evidence is not sufficient, and that the court ought to have charged on circumstantial evidence. In addition to what we said in our former opinion, we observe that Mr. Horton's house burned about one or two o'clock a. m., on the occasion in question; the fire originated under the house. Horton testitfied he had piled under his house pine kindling. Leanna Smith testified that she was living with appellant at the time of the fire, and that on said night he and Mary Davis went up to Steve Horton's to burn his house, and came back and appellant told witness that he threw gasoline on some pine Horton had under the house,— threw a match on it and set it on fire. She said this was about one o'clock. Appellant introduced no testimony. We think our conclusion as announced in our original opinion that the evidence was sufficient, and that it was not a case of circumstantial evidence,— to be correct.

The motion for rehearing will be overruled.

*Overruled.*