GUADALUPE HERRERA v. THE STATE.

No. 18672. Delivered December 23, 1936.
State's Rehearing Granted February 10, 1937.

The opinion states the case.

*Frank W. Steinle,* of Jourdanton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for robbery, punishment assessed being seven years' confinement in the penitentiary.

No statement of facts accompaines the record. We find an affidavit of appellant's attorney explaining that the absence of the statement of facts is no fault of his or appellant. The substance of the affidavit is that he requested the statement of facts and tendered the court reporter the fee therefor, and that said statement of facts was delivered to appellant's attorney on the 17th day of August, 1936; that immediately upon receiving the same appellant's counsel delivered it to the district attorney who has had possession thereof ever since; that no objection to the correctness of the statement of facts has ever been urged by the district attorney. Accompanying the affidavit of appellant's counsel is the affidavit of the court reporter to the effect that immediately after the overruling of the motion for new trial appellant's counsel requested a transcript of the testimony and tendered payment therefor and that the court reporter transcribed the testimony and delivered it to appellant's attorney on August 17th, 1936, some twenty days before ninety days for filing same had expired; that the statement of facts was paid for by said attorney; that there has never been any dispute as to the correctness of said transcript prepared by said court reporter, and that she saw the statement of facts in the possession of said district attorney subsequent to the time she delivered it to appellant's attorney. There is also an affidavit of the district attorney admitting that the statement of facts was delivered to him on the 17th day of August, 1936, but asserting that the district attorney had not had time in which to examine and approve same. This affidavit is dated December 14th, 1936, and it appears therefrom that the district attorney has had possession of the statement of facts prepared at the instance of counsel for appellant since the 17th of August, but is still claiming that he needs additional time to verify the correctness thereof. See Sec. 312, p. 450, Tex. Jur., Vol. 4, and authorities there cited.

It appears that appellant has been deprived of a statement

of facts without fault on his part or his attorney, and this court has no option but to reverse and remand the case, which is accordingly so ordered.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—On the 23rd day of December, 1936, the judgment was reversed and the cause remanded upon an apparent showing then made by appellant that he had been deprived of a statement of facts without fault either of himself or his attorney. The State has filed a motion for rehearing in which, among other things, our attention is called to the fact that the supporting affidavits to appellant's claim that he had been deprived of a statement of facts were taken before appellant's attorney. It has been the consistent holding of this court that a motion for new trial or supporting affidavits thereto may not be verified before appellant's attorney. See Sloane v. State, 66 S. W. (2d) 699; Nothaf v. State, 91 Texas Crim. Rep., 378, 239 S. W., 214; Gonzales v. State, 90 Texas Crim. Rep., 238, 234 S. W., 530; Branch's Ann. Tex. P. C., Sec. 194, page 125. We see no reason why a different rule should apply in the present instance.

The reversal was predicated largely upon the affidavit of the district attorney which apparently showed it to be his fault that appellant had not secured a statement of facts. Attached to the State's motion for rehearing is an affidavit made by said district attorney in which he denied in toto the truth of the matters appearing in his former affidavit, stating that he signed the same without reading it, being lead to believe that he was joining appellant's attorney in a request to this court to consider the statement of facts, and that having no objection to the consideration of such statement of facts he so signed the document presented to him. The facts now stated in the affidavit of the district attorney acquit him of any fault in the matter whatever. The court upon the showing now made is fully justified in declining to consider the statement of facts, and in holding that appellant was not entitled to a reversal upon the grounds originally assigned. However, in the certificate of the trial judge which acquits himself and the district attorney of any fault in delay in securing the statement of facts, he requests this court, if it can do so, to consider the statement of facts now found in the record, because he has no desire to deprive appellant of any right in the premises. Upon such request from the district judge we have examined the statement of facts and observe that if such statement should be considered

it shows the jury had ample evidence justifying the finding that appellant was guilty of robbery.

The charge against appellant was that he had by making an assault upon Elijio Valdez robbed said Valdez of the sum of one hundred and thirty dollars. The case was submitted to the jury upon such robbery charge, and the verdict of the jury specifically found appellant guilty of "robbery by assault." We further observe that in entering judgment it was inadvertently stated that appellant had been found guilty of the offense of "assault with intent to murder." The sentence was correctly pronounced against appellant as having been found guilty of the offense of robbery. The judgment is amended to show that appellant was found guilty of the offense of robbery.

No other matters appear in the record of which we can take cognizance. Appellant filed an application for continuance, but no bill of exception is brought forward complaining of the ruling of the court in denying same. It is necessary where a complaint is based upon such action of the court that a bill of exception appear bringing forward such complaint. Pinkston v. State, 241 S. W., 142, Branch's Ann. Tex. P. C., Sec. 304, page 183.

The State's motion for rehearing is granted, the judgment of reversal is set aside and the judgment of the trial court is affirmed.

*Affirmed.*