## O. L. DAVIS v. THE STATE.

No. 19917.  Delivered November 9, 1938.

Rehearing Denied January 11, 1939.

The opinion states the case.

*H. F. Grindstaff, Howard C. Davidson,* and *Joe Felder,* all of Rotan, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 28 years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Nannie Lee Rusher by stabbing her with a knife.

There are six bills of exception in the record, all of which were filed too late to be entitled to consideration. Appellant's motion for new trial was overruled and notice of appeal given on the 25th of February, 1938, and the court adjourned on the same day. At the time the motion for new trial was overruled the court entered no order extending the time for filing bills of exception. The bills of exception referred to were filed May 17th, 1938, which computation shows to have been more than thirty days after the adjournment of the trial term. The time allowed by the statute for filing bills of exception is thirty days from the date of adjournment of the court. See Art. 760, C. C. P. On the 13th of May, 1938, the court entered an order attempting to grant appellant an extension of time. After the expiration of thirty days from the date of adjournment the court was without power to enter such order.

The evidence is sufficient to warrant the jury's conclusion of guilt. Appellant made a written statement in which he admitted that he stabbed deceased with a knife. It appears from the testimony that appellant and deceased had been living together although they were not married. Deceased had determined to leave appellant. As she was leaving certain quarters in a part of town occupied by negroes appellant commanded her to return. She replied that she was leaving him. As she made this statement appellant drew his knife and stabbed her to death. There was a suggestion in appellant's voluntary statement that deceased was with another man at the time he stabbed her, and that he appeared to be trying to draw a weapon. This statement in the confession was controverted by the testimony of an eye-witness, whose version of the transaction warranted the conclusion that appellant stabbed deceased without provocation.

Appellant testified that a companion of deceased attempted to draw a weapon; that he (appellant) started backing up; that when he got his knife out he started toward deceased's companion; that as he struck at him deceased ran between them and received the fatal wound; that he had no intention of stabbing deceased.

Appellant appears to have interposed no exceptions to the charge of the court.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Appellant attaches to his motion for rehearing the affidavit of one of his attorneys in which it is stated that he secured an extension order of fifty days within which to file bills of exceptions and that thereafter, in due time, he was granted a further extension of ten days. It appears from the affidavit that the first order was never entered of record. Be that as it may, it is observed that the affidavit was made before one of appellant's attorneys. Under the circumstances, the affidavit cannot be considered. In Herrera v. State, 101 S. W. (2d) 811, it is shown in the opinion on motion for rehearing that the supporting affidavits to Herrera's claim that he had been deprived of a statement of facts were taken before his attorneys. In holding that this court could not consider such affidavits, Judge Hawkins used language as follows: "It has been the consistent holding of this court that a motion for new trial or supporting affidavits thereto may not be verified before appellant's attorney. See Sloane v. State, 125 Tex. Cr. R. 169, 66 S. W. (2d) 699; Nothaf v. State, 91 Tex. Cr. R. 378, 239 S. W. 215, 23 A. L. R. 1374; Gonzales v. State, 90 Tex. Cr. R. 238, 234 S. W. 530; Branch's Ann. Tex. P. C. Sec. 194, p. 125. We see no reason why a different rule should apply in the present instance."

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.